# Sanders v. State.

*Indictment for Murder.*

1. *Violation of rule by witness; within discretion of court to allow him to testify.*—Where a witness in a criminal case has been put under the rule and has violated the injunction of the court by talking with others about the case, it is within the discretion of the court to permit the witness to be examined ; and the exercise of this discretion will not be revised on appeal.

2. *Evidence; witness can not testify as to message sent to prosecuting attorney.*—For the purpose of strengthening his evidence given on the stand. it is not permissible for a witness to state a verbal message sent by him to the prosecuting attorney, relative as to what he would testify.

3. *Impeaching witness; when unnecessary to introduce written statement made on preliminary hearing.*—When it is sought to impeach the testimony of a witness on the final trial of a criminal charge, by proof of contradictory or inconsistent statements made by him on the preliminary trial, it is necessary to lay a predicate by asking the witness whether he made the statements in question, notwithstanding the evidence on the preliminary examination was reduced to writing ; and if the witness admits the previous statements inquired about, it is not necessary to introduce the written statements in evidence to prove that he gave such testimony.

4. *Accidental killing; charge to jury.* –Where, on a trial under an indictment for murder, it is shown that the defendant pointed a gun at the deceased which was discharged and resulted in the homicide,

[Sanders v. The State.]

but the evidence for the defendant tends to show that the gun was discharged accidentally, charges that "If the jury have a reasonable doubt as to whether the shooting alleged in the indictment was accidental," or "as to whether or not the defendant was prompted by malice," or that "if the shooting was accidental, even if the deceased and defendant were quarreling," the defendant should be acquitted, are properly refused; since although the jury may have found the shooting was accidental, they could have found the defendant guilty of manslaughter in the second degree, because the fatal shot was fired in the doing of the unlawful act of pointing a gun at the deceased. (Acts of 1888-89, p. 67).

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted and tried for the murder Wiley Roberts, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

On the trial of the case, as shown by the bill of exceptions, the State introduced evidence tending to show that the defendant and deceased quarrelled about some mining tools; that deceased was standing on the porch of the house, which had been occupied by him and the defendant, about three or four feet from the latter, the defendant being in the door way; that as the defendant pointed his gun at the deceased, John Hill, a half brother of the defendant, knocked the gun down, when the gun was discharged, the load taking effect in the deceased's thigh, and from the effects of this wound the said Wiley Roberts died.

The testimony for the defendant tended to show that the shooting of the deceased was accidental; that the deceased said the shooting was accidental, and that de did not want the defendant indicted. In rebuttal, the State called the witness John Hill, who had testified for the defendant, stating at the time, the said witness was recalled for the purpose of laying a predicate to contradict him, and then asked the said Hill the following question: "Did you swear on preliminary trial in this case that deceased had a knife in his hand when shot?" The defendant objected to the question, on the grounds, first, that it called for illegal, irrelevant, immaterial and incompetent evidence; and, second, that the evidence on the preliminary trial was taken down in writing, and such writing was, therefore, the best evidence. The court overruled the defendant's objection, and the defendant

duly excepted thereto. The bill of exceptions recites that "The evidence introduced when witness Hill was recalled, tended to show that the testimony on the preliminary trial was reduced to writing, as required by law. The solicitor then produced what purported to be the written testimony, and had it in his hand when he propounded the question. The witness Hill answered that he did swear before the magistrate on preliminary trial that the deceased had a knife when he was shot;" and the paper was not offered in evidence, nor proven. The defendant moved the court to exclude this evidence, on the grounds that it was irrelevant, immaterial and incompetent, and that it was secondary evidence. The court overruled the motion, and the defendant duly excepted. The defendant, in his own behalf, testified to facts and circumstances tending to show that the shooting of the deceased was accidental. The facts relating to the rulings of the court, in reference to the witness Parsons being introduced as a witness, and also as to his testimony, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury have a reasonable doubt as to whether the shooting alleged in the indictment was accidental or not, you must find the defendant not guilty." (2.) "If the jury have a reasonable doubt as to whether or not the defendant was prompted by malice, they will acquit him." (3.) "If the shooting was accidental, even if the deceased and defendant were quarrelling, you must acquit him." (4.) "If the shooting was accidental, the defendant is entitled to an acquittal, and he should not be punished at all." (5.) "The law recognizes the principle that it is better that ninety-nine guilty men escape than that one innocent man should be punished."

No counsel marked for appellant.

W. C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—It is entirely within the discretion of the trial cout to permit a witness who has been put under the rule, and has violated the injunction of the

court in respect of talking about the case, to be examined notwithstanding such infraction of the rule ; and we will not revise the action of the criminal court in allowing the witness Parsons to go on the stand and testify against the objection of the defendant based upon the fact that he had talked with one Penn while under the rule as to what his testimony would be in the case, and had sent a message by Penn to the solicitor indicating what he would swear.

After the court had passed upon defendant's objection, overruling it, and the witness was on the stand solely for the purpose of giving testimony not on the objection, but upon the case itself, and not to the judge but to the jury, the solicitor asked the witness : ''What did you tell Penn to tell me?'' And the witness was allowed, against defendant's objection, to answer this question, saying that he had told Penn to tell the solicitor that he, Parsons, would testify if put on the stand that the deceased refused to swear to the statement that the shooting [of him by the defendant] was accidental. And the witness was then further examined by the solicitor, and testified that ''on the night the deceased was shot, he with defendant and others went to where deceased was, and he said the shooting was accidental, that they could fix the trouble up when he got better, that he, witness, went immediately for a justice of the peace to have deceased swear to the statement, and that the justice came and deceased said he would not swear that it was accidental because he might swear a lie.'' It is clear, we think, that the only possible effect of proving the message sent by Parsons to the solicitor was to strengthen the evidence given on the stand, that deceased refused to swear to the statement in question, by proof of mere declarations of the witness made out of court to the same effect. The case is the same indeed as if there had been no objection to Parsons' testifying, and the solicitor, after drawing from him the statement that the wounded man had refused to swear that the shooting was accidental, had sought to elicit further that he, the witness, had previously declared to one or more persons that the deceased had so refused. And this would be not less violative of law than to prove by third persons this declaration of Parsons whether he was put on the stand as a witness or not. The trial court erred in permitting Par-

[Goldsmith v. The State.]

sons to state the message he sent to the solicitor. We deem it proper to remark in this connection that had the declarations of the wounded man offered by the defendant, to the effect that the shooting was accidental, been objected to they should have been excluded, but being adduced without objection we treat them on this appeal as competent evidence.

Notwithstanding the evidence at the preliminary hearing was reduced to writing and was available at the trial in the criminal court, it was necessary for the solicitor to ask the witness whose testimony on the final trial he sought to impeach, by proof of contradictory or inconsistent statements on the preliminary trial, whether he made the statements in question : impeaching evidence could not be offered until this predicate was laid for it ; and the witness himself admitting the previous statements inquired about, it was wholly unnecessary to introduce the written evidence to prove that he made them. The court, therefore, committed no error in its several rulings relating to the impeachment of the witness John Hill.

All the charges requested by the defendant were well refused on the authority of *Johnson v. State*, 94 Ala. 35 ; some of them are faulty without reference to the principle declared in that case. The jury might have found that the shooting was accidental, and yet have also believed that the fatal shot was fired by the defendant in the course of the unlawful act of presenting a gun at the person of the deceased.—Acts 1888–89, p. 67.

Reversed and remanded.