# Benjamin *v.* The State.

### *Manslaughter in Second Degree.*

1. An objection fatal on demurrer to an indictment will prevail
   on motion in arrest of judgment .
2. *Manslaughter in second degree when indictment sufficient.*—
   An indictment for manslaughter in the second degree which
   follows the form prescribed in the Code is sufficient. Negli-
   gence is not necessarily a constituent element of manslaughter
   in the second degree.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

George Benjamin was tried and convicted of man-
slaughter in the second degree. He moved in arrest of
judgment on the ground that the indictment did not al-
lege negligence, or carelessness in the killing; and did
not charge any offense. Motion denied. Affirmed.

CHARLES G. BROWN and W .S. LEWIS, for appellant,
cited, *Martin & Flinn v. State,* 29 Ala. 30; *Fitzgerald v.
State,* 112 Ala. 34; *Harrington v. State,* 83 Ala. 9.

CHARLES G. BROWN, Attorney General, for the State,
cited, *Jenkins v. State,* 82 Ala. 25; *Johnson v. State,* 105
Ala. 4.

DOWDELL, J.—The defendant was tried and con-
victed in the city court of Mobile for manslaughter in
the second degree. The indictment charged that the
defendant "unlawfully but without malice or the inten-

tion to kill, killed Walter Phillips by shooting him with a pistol," etc.   The form of indictment for manslaughter in the second degree is given in the Code, 2nd Vol., p. 332, and is as follows: "No. 61. A. B. unlawfully, but without malice, or the intention to kill, killed C. D. by negligently throwing a brick from the top of a house, etc., (or by negligently running over him with a horse, or by striking him with a stick, etc., as the case may be)."

After verdict, motion was made in arrest of judgment in the court below, and was overruled.   It is insisted by appellant that the indictment is defective and open to demurrer, and being demurrable, the motion in arrest of judgment should have been sustained.

There can be no doubt of the proposition, that an objection fatal on demurrer to an indictment will prevail on motion in arrest of judgment.—1 Brick. Dig., 517, § 962.

The present indictment is in strict compliance with the last clause in the form prescribed.   It is too evident to admit of question, that the form prescribed in the Code was intended to cover manslaughter in the second degree, whether death was negligently caused or otherwise.   Negligence is not necessarily a constituent element of manslaughter in the second degree, as contended by counsel, for death produced by an intentional blow, but without malice or the intention to kill, would constitute that offense, and yet the element of negligence would be wholly absent.   Negligence becomes a constituent element of the offense or crime where the act from which death results, is not *per se* unlawful, but is negligently done, whereby the death of another is occasioned, and in such case the averment of negligence is essential to the validity of the indictment.   If the act which produces death is in itself unlawful, negligence as a constituent element of the offense does not obtain.   Neither the throwing of a brick from a house-top, nor the driving of a horse, is *per se* unlawful, but when negligently done, whereby the death of another results, it would be manslaughter in the second degree.   The striking of another with a stick, if the striking be intentional, negatives the idea of negligence, but involves the charge of

an assault and battery—the doing of an unlawful act. So the shooting of another with a pistol, where the shooting is intentional, the act being unlawful, no averment of negligence is required. Where killing results from the use of a deadly weapon, upon the principle that a person is presumed to intend the reasonable and natural consequences of his act, the presumption ordinarily would arise that the killing was intentional; but it is not a conclusive presumption, and may be rebutted by proof of facts showing an absence of intention to kill, and where there is an absence of intention to kill, such want of intention may be averred in the indictment.

The indictment in this case, following the form prescribed in the Code is sufficient and not subject to demurrer. The motion in arrest of judgment was properly overruled.

The judgment of the city court is affirmed.