# Medley *v.* The State.

## *Assault With Intent to Murder.*

(Decided June 11, 1908. Rehearing denied July 3, 1908.   47 South.
218.)

1. *Homicide; Assault with Intent; Evidence.*—Although such evi-
dence related to matters occurring several minutes before the shoot-
ing it was competent to show that at that time accused had a
rifle, the condition of the rifle, as to being cocked, etc., and what
was said by accused at that time.

2. *Assault and Battery; With a Weapon; Acts Constituting.*—If
the defendant shot intentionally, or if he intentionally discharged
the rifle at a place where it was likely someone would be hurt, or
if he intentionally pointed the rifle at a person, or if the discharge
resulted from gross negligence on the defendant's part in handling
the ·rifle, or if the defendant discharged it along or across a public
road, and a battery resulted from any one or several of these acts
to a person, the defendant would be guilty of assault and battery
with a weapon.          •

3. *Charge of Court; Instructions Covered by Those Given.*—It is
not error to refuse instructions substantially covered by those given.

4. *Same; Reasonable Doubt.*—A charge that before the jury could
convict the jury must not only be satisfied to a moral certainty
that the evidence is consistent with guilt, but that it is wholly in-
consistent with every other rational conclusion, and that unless the
jury were so convinced of accused's guilt that they would venture
to act upon it in matters of highest concern and importance to his
own interest. they must acquit, has been often condemned by this
court as an improper charge.

5. *Same.*—An instruction asserting that if there be two reasonable
constructions which can be given to facts proven, the one favorable
and the other unfavorable, the jury must give that which is favora-
ble, and acquit, has been often condemned as improper.

6. *Same.*—An instruction that unless the jury believe that de-
fendant intended to shoot the person assaulted with malice, they
could not convict him, and if the jury have a reasonable doubt as to
whether he intended to shoot such person at the time he was shot,
and he was not doing an unlawful act, they must acquit, is involved,
and properly refused.

7. *Appeal; Harmless Error.*—Where the defendant was convicted
of a misdemeanor, it was harmless error to refuse instructions rela-
tive to the felony charged in the indictment, where the charge was
an assault with intent to murder and a conviction of assault and
battery was had.

8. *Criminal Law; Failure of Accused to Testify; Presumption.*—
A charge asserting that the fact, if it be a fact, that defendant failed
to make a statement in the case cannot be considered by the jury

[Medley v. The State.]

as creating any presumption against him, is inaccurate in its statement of fact upon which the inhibition of any presumption against a defendant is founded, under section 5297, Code 1896.

9. *Criminal Law; Offenses Charged; Less Included in Greater.*— An indictment for an assault with intent to murder includes the lesser offense of assault and battery, and under such an indictment a conviction may be had for an assault and battery.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Will Medley was convicted of assault and battery with a weapon, and he appeals. Affirmed.

The following portions of the oral charge of the court were excepted to:

"If you find from the evidence that defendant has proven a good character, you may look to that fact, along with the other facts in the case, to generate a reasonable doubt of his guilt; and this fact may entitle him to an acquittal when, upon all the facts in the case proven, there would be no reasonable doubt of his guilt without proof of such good character."

"If a juror has a personal knowledg respecting any fact in controversy, he must declare it in open court during the trial and if, during the retirement of the jury, a juror declares a fact as of his own knowledge which could be evidence in the cause, the jury must forthwith return into court, and such juror must, in either case, be sworn and examined as a witness in the presence of the parties."

"Gentlemen, you are bound by the evidence in this case and the legitimate conclusions to be drawn therefrom. You cannot go outside of the evidence for any purpose. You are bound absolutely by the evidence in the case, by the statements made by the witnesses on the stand. You saw the witnesses. You heard what they said. You observed their manner. Now, from what

they said on the witness stand, looking to that, and to that only, and applying your common sense, what do you find."

"I charge you that, if you find from the evidence that this was a 22-caliber Winchester rifle, it was a deadly weapon. If it was a Winchester rifle, then I charge you it was a deadly weapon."

"Where death ensues, there can be no trial for an assault with intent to murder, if the man assaulted was killed."

"I charge you that, if you find from the evidence beyond a reasonable doubt that the gun was purposely pointed at Will Lokey by the defendant when he fired, then the defendant would be guilty of one of the charges embraced in the indictment."

"I charge you there is little distinction, except in degree, between a positive will to do wrong and an indifference whether wrong is done or not. Therefore carelessness is criminal, and within limits supplies the place of the direct criminal intent. Our supreme Court's adjudications are in line with this idea, and always predicate criminality, not upon mere negligence or carelessness, but upon the degree of negligence or carelessness which is denominated 'gross,' and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of that indifference to consequences which in some offenses takes the place of intent. There must be a criminal intent, or negligence so gross as to imply it. The carelessness must be aggravated. It must be gross, so to speak, implying an indifference to consequences. If the defendant negligently handled the gun that inflicted the wound, in disregard of the safety of others, he would be guilty of an assault and battery with a weapon."

[Medley v. The State.]

The following written charges were refused to the defendant:

"(1) The court charges the jury that good character itself may, in connection with all the evidence, generate a reasonable doubt and entitle defendant to an acquittal, even though without such proof of good character you would convict.

"(2) The court charges the jury that before the jury can convict the defendant they must be satisfied to a moral certainty that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every retional conclusion, and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of highest concern and importance to his own interest, then they must find defendant not guilty.

"(3) The court charges the jury that it is a well-settled rule of law that if there be two reasonable constructions which can, be given to facts proven, one favorable and the other unfavorable to defendant, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to the accused party.

"(4) The court charges the jury that unless the jury believe from the evidence in this case that the defendant intended to shoot Will Lokey with malice they cannot find him guilty of an assault with intent to murder, and if the jury have a reasonable doubt as to whether he had an intent to shoot Will Lokey at the time he was shot and not doing an unlawful act their verdict must be for the defendant.

"(5) The court charges the jury that a person charged with a felony should not be convicted upon circumstantial evidence unless it shows by the full measure of proof that he is guilty. Such proof is always insuffi-

C 6

[Medley v. The State.]

cient unless it excludes to a moral certainty every other reasonable hypothesis but that of the guilt of the accused. No matter how strong the circumstances may be, if they can be reconciled with the theory that the accused is not guilty, he is not shown to be guilty by that full measure of proof which the law requires.

"(6) The court charges the jury that the fact, if it be a fact, that defendant failed to make a statement in the case, cannot be considered by the jury as creating any presumptions against him.

"(7) The court charges the jury that they cannot convict the defendant unless they are satisfied to a moral certainty of his guilt, unless they are so conviced of his guilt that each member of the jury would venture to act on that decision in matters of the highest concern to his own interest, and unless the jury are so satisfied they cannot convict."

CULLI & MARTIN, for appellant. Charge 1 should have been given.—*Goldthwaite v. The State,* 105 Ala. 8. Charges 2 and 3 should have been given.—*Brown v. The State,* 118 Ala. 111; *Pickens v. The State,* 115 Ala. 43; *Brown v. The State,* 108 Ala. 18; *Burton v. The State,* 107 Ala. 108. Charge 6 should have been given.— Section 5297, Code 1896; *Thomas v. The State,* 139 Ala. 86. The court erred in its oral charge.—*Chapman v. The State,* 78 Ala. 463; *Lane v. The State,* 85 Ala. 11; *Johnson v. The State,* 35 Ala. 363. The court was without authority to add additional punishment.—Section 6250, Code 1907.

ALEXANDER M. GARBER, Attorney-General, for the State.

TYSON, C. J.—The defendant was charged with an assault with an intent to murder one Will Lokey. His conviction, however, was for an assault and battery

with a weapon. The fact that defendant was seen in possession of the rifle from which the bullet was fired that struck Lokey, the condition of that weapon with respect to being cocked, and what he said was entirely competent; and this is true, notwithstanding all these facts were deposed to as existing some minutes before the shooting.

The evidence is without dispute that Lokey was hit by a bullet fired from the rifle in the hands of defendant. The tendencies of the testimony support the following theories of the shooting: That defendant intentionally shot Lokey, or that he intentionally discharged the rifle at a place where it was likely some person would be hit, or that he intentionally pointed the rifle at Lokey in violation of section 4342 of the Criminal Code of 1896, or that he was grossly negligent in the handling of the rifle and that its discharge was the result of such negligent act, or that he discharged the rifle along or across a public road in violation of section 5354 of the Criminal Code of 1896. If the battery was the result of any one or of several of these acts combined, the defendant was guilty of the offense for which he was convicted.

The defendant offered no testimony, except as to his good character.

If it be conceded that charge numbered 1, requested by the defendant, asserted a correct proposition, its refusal was clearly innocuous, since it was substantial·ly covered by given charge numbered 4, although this latter charge has been often condemned by this court.

Charge 2 in some of our earlier cases was held to be good, but those cases were pointedly overruled and the charge condemned in *Amos v. State,* 123 Ala. 50, 26 South. 524. See, also, *Thompson v. State,* 131 Ala. 18, 31 South. 725; *Watkins v. State,* 133 Ala. 88, 32

[Medley v. The State.]

South. 627; *Nevill v. State,* 133 Ala. 105, 32 South. 596; *Willis v. State,* 134 Ala. 429, 33 South. 226; *Deal v. State,* 136 Ala. 52, 34 South 23; *Jarvis v. State,* 138 Ala. 17, 34 South. 1025; *Spraggins v. State,* 139 Ala. 93, 35 South. 1000; *Shirley v. State,* 144 Ala. 35, 40 South. 269; *Shelton v. State,* 144 Ala. 106, 42 South. 30.

Charge 3 has been repeatedly condemned by this court.—*Compton v. State,* 110 Ala. 24, 35, 20 South. 119, and cases there cited; *Walker v. State,* 134 Ala. 86, 89, 32 South. 703.

Charge 4 was involved, lacking that clearness and perspicuity required of charges.

The refusal of charge 5, if asserting correct propositions, the conviction being for a misdemeanor, will not work a reversal.—*Jarvis v. State, supra.*

Charge 6 was inaccurate in its statements of the fact upon which the inhibition of any presumption against him is founded. Section 5297, Cr. Code 1896.

Charge 7 was likewise properly refused, upon the authorities cited supra as condemnatory of charge 2.

The several exceptions to portions of the oral charge must be held to be wholly unavailable to work a reversal. If any one of the parts excepted to was error, it was clearly harmless.

There is no merit in the contention that the offense for which defendant was convicted was not included in the greater offense charged in the indictment.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.