# Bynum *v.* The State.

## *Manslaughter.*

(Decided June 12, 1913.  62 South. 983.)

1. *Homicide; Involuntary Manslaughter; Unlawful Act.*—One who intentionally points a gun at another, which is unintentionally discharged, killing such other, is guilty of at least involuntary manslaughter, since he was engaged in an unlawful act.

2. *Same; Negligence.*—One who is grossly careless in the handling of a gun, which is unintentionally discharged, resulting in the killing of another, is guilty of at least involuntary manslaughter, even though he did not intentionally point the gun at the deceased.

3. *Same; Accidental Killing.*—Where there was no evidence to show that the killing was the result either of the accidental discharge of a gun while defendant was intentionally pointing it at another, or of gross carelessness in handling the gun, but the tendencies of the evidence were that it was either an intentional or an entirely accidental homicide, defendant was entitled to an instruction asserting that unless the jury believed beyond a reasonable doubt the defendant fired the shot intentionally, or if they believed it was accidentally fired, they must acquit the defendant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Tom Bynum was convicted of manslaughter, and he appeals. Reversed and remanded.

TATE & ARNOLD, and T. C. SENSABAUGH, for appellant. Under the evidence in this case defendant was entitled to have the jury instructed as requested by it in refused charges 2, 5, 6 and 7.—*McGee v. State,* 58 South. 1010; *Walls v. State,* 90 Ala. 618.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—If defendant was intentionally pointing the gun at deceased, and while doing so it was unintentionally fired, resulting in the death of deceased, defendant would be guilty of at least involuntary manslaughter because, though intending no harm to deceased, he was yet engaged in an unlawful act when pointing a gun at her, and the law holds him criminally responsible for the consequences of such an act.—*Johnson v. State,* 94 Ala. 41, 10 South. 667; *Sanders v. State,* 105 Ala. 4, 16 South. 935.

We are of opinion, however, that there is no evidence in the record tending to support such a theory of fact. If there had been, we would have held that the court was justified in refusing certain written charges requested by defendant, hereinafter set out.—*Fitzgerald v. State,* 112 Ala. 40, 20 South. 966, and authorities, supra.

And, although defendant may not, at the time of the killing, have been engaged in the unlawful act of intentionally pointing the gun at deceased, yet, if under the circumstances he was grossly careless in the handling of the gun, a dangerous weapon, as a result of which it was discharged while its muzzle was inadvertently turned towards deceased, thereby killing her, he would likewise be guilty of at least involuntary manslaughter; for the law holds a person criminally

responsible for gross carelessness, though not for mere carelessness.—*Fitzgerald v. State, supra; McGee v. State,* 4 Ala. App. 54, 58 South. 1010; *Medley v. State,* 156 Ala. 78, 47 South. 218.

This court is of opinion, also, after carefully examining the record in consultation, that there is no evidence in this case of gross carelessness.—*Fitzgerald v. State, supra; McGee v. State, supra.* If there had been, the trial court would likewise have been justified in refusing the above-mentioned written charges requested by defendant.

The present is a case in which, we think, the evidence tends to support, not three theories, as in *Fitzgerald v. State,* 112 Ala. 40, 20 South. 966, but only two theories, as in *McGee v. State,* 4 Ala. App. 54, 58 South. 1010— that for the state tending to show that the defendant did the killing intentionally and maliciously, by intentionally and maliciously firing a gun at deceased, or at the brother of defendant, who was walking with deceased at the time, while the evidence for defendant tended to show that he was on the friendliest of terms with both deceased and defendant's brother, who was with her; that he was not pointing or aiming the gun at either of them; but that while he was walking behind them along the path through the woods, with the gun under his arm (his hand not being on the trigger), the gun in some unaccountable way was accidentally discharged, the shot striking deceased and defendant's brother. In this state of the evidence the trial court was in error, we think, in refusing the following written charges requested by defendant, to wit:

"(1) The court charges the jury that unless they believe from the evidence beyond all reasonable doubt that the defendant fired the shot intentionally that kill-

6 CA

[Conwill v. The State.]

ed deceased, then you should find defendant not guilty.

"(2) The court charges the jury that if the shot that killed deceased was accidentally fired, then you cannot convict defendant."—*McGee v. State,* 4 Ala. App. 54, 58 South. 1010.

These two so fully cover the other two charges on the same subject, which were refused, that it is unnecessary to discuss why we think the other two open to criticism.

We find no other error in the record. The judgment of conviction is reversed.

Reversed and remanded.