(88 South. 200)

BAILUM v. STATE. (6 Div. 746.)

(Court of Appeals of Alabama. Jan. 11, 1921. Rehearing Denied Feb. 1, 1921.)

1. MUNICIPAL CORPORATIONS ⬀707—AUTOMOBILE OWNER OR OPERATOR LIABLE ONLY FOR NEGLIGENCE.

An automobile or motortruck is not excluded from the common right of the use of the public highways of the state, and the proprietor or operator thereof is only liable for the consequences of negligence in such use; the degree of care to be observed by the operator being that which a reasonably prudent man would observe under like conditions.

2. WITNESSES ⬀270(2)—REFUSAL TO PERMIT DEFENDANT TO SHOW MOTHER OF CHILD KILLED BY TRUCK DRIVEN BY DEFENDANT HAD SUED OWNERS NOT ERRONEOUS.

In a prosecution of a motortruck driver for killing a six year old girl, the refusal of the trial court to permit defendant to show on cross-examination of a witness for the state that the mother of the deceased child had sued the owners of the truck for $100,000 was not erroneous.

3. CRIMINAL LAW ⬀448(11)—TESTIMONY OF WITNESS THAT DECEASED CHILD HAD MADE ESCAPE FROM DEFENDANT'S TRUCK PROPERLY EXCLUDED AS CONCLUSION.

In a prosecution of a motortruck operator for killing a six year old girl, the trial court properly excluded as a conclusion testimony of defendant's witness that the girl had made her escape from the truck.

4. CRIMINAL LAW ⬀693—STATE'S SOLICITOR SHOULD NOT BE PERMITTED TO SPECULATE ON ANSWER OF WITNESS TO QUESTION TENDING TO ELICIT CONCLUSION.

The state's solicitor should interpose objection to a question tending to elicit a conclusion, and should not be permitted to speculate on the answer of the witness.

5. CRIMINAL LAW ⬀1144(12)—COURT MUST INDULGE PRESUMPTION STATEMENT OF WITNESS WAS VOLUNTEERED WHERE QUESTION NOT SHOWN.

In the absence from the record of the question propounded to a witness which elicited an answer in the nature of a conclusion, the Court of Appeals must indulge the presumption that the witness' statement was volunteered, and was therefore properly excluded by the court, though the state's solicitor had not made any prior objection; the claim being that he thus speculated on the answer of the witness.

6. CRIMINAL LAW ⬀1141(2) —. BURDEN ON APPELLANT TO SHOW ERROR.

The burden is on appellant affirmatively to show error.

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. CRIMINAL LAW** ⊚⇒338(3)—TESTIMONY AS TO CONDITION OF MOTORTRUCK WHICH KILLED CHILD PROPERLY EXCLUDED IN ABSENCE OF CONNECTING TESTIMONY.

In a prosecution for killing a six year old girl, the trial court did not err in excluding offered testimony for defendant that his truck had a governor attached which at a certain speed automatically cut off the gasoline, the court having made it clear to defendant's counsel that, if he could bring the testimony within the rule by connecting it properly and by showing its relevancy, the court would permit the witness to testify fully about the condition of the truck and the governor, and it appearing that defendant was unable so to connect the witness's testimony.

**8. WITNESSES** ⊚⇒277(5) — QUESTION TO DEFENDANT ON CROSS-EXAMINATION RELATIVE TO HIS OPERATION OF MOTORTRUCK OBJECTIONABLE.

In a prosecution for killing a six year old girl, question of the state's solicitor to defendant on cross-examination as to whether or not at the time defendant knew it was against the law for him to run his truck at 15 miles an hour and pass a street car stopped at a regular stopping place to let on and off passengers was objectionable as tending to elicit the immaterial matter of defendant's actual knowledge of the law, and as assuming that it was a violation of the law to run the truck at 15 miles an hour.

**9. CRIMINAL LAW** ⊚⇒1044—ERROR NOT PREDICATED ON COURT'S RULING AS TO QUESTION TO DEFENDANT WHERE NO MOTION MADE TO EXCLUDE ANSWER.

Error will not be predicated on the ruling of the trial court as to the propriety of the state's solicitor's questions to defendant on cross-examination where no motion was made by defendant to exclude his answer in response to the question.

**10. CRIMINAL LAW** ⊚⇒723(5)—ARGUMENT IN HOMICIDE CASE IMPROPER AS TENDING TO PREJUDICE.

In a prosecution for killing a six year old girl with a motortruck, remark in argument to the jury by the solicitor's assistant, who was of counsel also in a civil action for damages for the death against the owners of the truck, that if the jury wanted to do such owners a favor, if there were any friends of the owners on the jury, they would be doing them, the owners, a favor by turning this black rascal (defendant) loose, was improper as calculated to prejudice.

**11. CRIMINAL LAW** ⊚⇒729—PREJUDICIAL EFFECT OF IMPROPER ARGUMENT NOT REMOVED IN ABSENCE OF INSTRUCTION FROM COURT DESPITE WITHDRAWAL BY ATTORNEY.

In a prosecution for killing a six year old girl with a motortruck, where the solicitor's assistant, after making an improper argument to the jury relative to doing the owners of the truck a favor by turning loose "this black rascal" (defendant), promptly stated to the jury that the remark was improper, had been made in the heat of the argument, that he wanted to withdraw it from their consideration and apologize to defendant, which he did, but the court,

relying on such action by counsel, did not instruct the jury that the argument was improper and withdrawn, the prejudicial effect of the argument was not removed, and there was error.

**12. CRIMINAL LAW** ⊚⇒304(12)—COURT OF APPEALS TAKES JUDICIAL NOTICE OF ORDINANCES OF CITIES OF POPULATION OF 100,-000.

Under Acts 1915, p. 294, § 7, the Court of Appeals will take judicial notice of all ordinances, laws, and by-laws of all cities within the state having a population of as much as 100,000 people according to the last federal census or any such census hereafter to be taken.

**13. CRIMINAL LAW** ⊚⇒1171(1)—MISCONSTRUCTION OF ORDINANCE RELATIVE TO MOTOR VEHICLES PASSING STREET CARS HELD PREJUDICIAL.

In a prosecution for the killing of a six year old girl with a motortruck, error of the solicitor's assistant in misconstruing an ordinance of the city to prohibit a motor vehicle from passing a street car stopped to discharge or take on passengers while going in a different direction from the car *held* so prejudicial to defendant as to necessitate reversal.

**14. CRIMINAL LAW** ⊚⇒834(1) — ACTION OF COURT IN EMASCULATING DEFENDANT'S WRITTEN CHARGES AFTER READING ERRONEOUS.

Under Acts 1915, p. 815, in a prosecution for manslaughter, where the court read several written charges to the jury given at the instance of defendant, and after each was read and before reading another proceeded to qualify, limit, or modify the charge just read, practically emasculating it, there was error necessitating reversal; it being proper for the court to explain the meaning of written charges given at the request of a party, but not to qualify, limit, or modify them.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

James Bailum was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

While testifying the witness Mrs. A. C. Smith stated that the little girl had made her escape from the truck, and this evidence is told in narrative form in the record. The court excluded it as a conclusion.

R. D. Arthur offered to testify that the truck had a governor attached to it which regulated the speed of the truck and which automatically cut off the gasoline and so controlled the speed of the truck, and that at the time that he saw the truck, the governor was properly functioning, but he did not know whether the governor was in the same condition at the time of the accident as when he saw it, and did not know whether he saw the truck before or after the accident, and, if afterwards, how long.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ellis & Matthews, of Birmingham, for appellant.

Counsel discuss criminal negligence and wanton and willful injury, and insist that the defendant was not guilty of any offense in that the defendant was doing a lawful act, and was not guilty of gross or culpable negligence, causing death. 131 Ala. 18, 31 South. 725; 84 Ala. 421, 4 South. 598; 70 Ala. 33; 45 Ala. 82; 112 Ala. 34, 20 South. 966; 21 Cyc. 765 et seq. The court erred in qualifying the charges given. Sections 2350, 2384, 5364, Code 1907; 52 Ala. 322; 14 Ala. App. 228, 69 South. 308; 96 Ala. 11, 11 South. 259, 38 Am. St. Rep. 75; 88 Ala. 9, 7 South. 97. The court erred in the method of handling the objection to argument of counsel. 74 Ala. 386; 76 Ala. 500; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 16 Ala. App. 61, 75 South. 267; ante, p. 178, 84 South. 638. Counsel discuss assignments of error relative to evidence but without further citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel withdrew argument and apologized, which cured any error or at least put it upon the defendant to request the court to admonish the jury thereon. 105 Ala. 114, 17 South. 99; 148 Ala. 108, 41 South. 873. Gardner v. State, ante, p. 589, 87 South. 885. There was no error in admitting the ordinance in question, although it may be said that the ordinance does not apply to the facts of the case under review. 16 Ala. App. 119, 75 South. 711; 13 Ala. App. 175, 69 South. 354. On these same authorities, the court did not err in its comment on the charges. Court properly excluded the testimony of Mrs. Smith. 79 South. 394. Counsel discuss other assignments of error, but without further citation of authority.

BRICKEN, P. J. From a judgment of conviction for manslaughter in the second degree this appeal is taken.

The jury returned a verdict finding the defendant guilty under the second count of the indictment, which charged that the defendant "unlawfully, but without malice, or the intention to kill, killed Ruth Kate Thompson, by negligently running over, upon, or against her with an automobile truck."

The deceased, as shown by the evidence, was a small girl, six years of age, and was blind in her right eye, and the alleged accident occurred at or near the intersection of First avenue and Fifth (or Green) street, in Elyton, a suburb of Birmingham. The record appears to bear out the following statement of facts contained in the brief of the Attorney General, viz.:

"The testimony shows without dispute that a street car was going west, or from Birmingham, stopped at the intersection of these two streets, and the doors were open on the north side of First avenue for the purpose of admitting and discharging passengers; that the truck was traveling in the opposite direction, or toward Birmingham, with three passengers, the defendant, one Rowles, one Allen seated together, the defendant driving the truck so that it was partly on the south-bound track, which was six feet south of the track on which the street car was standing; that the deceased, a little girl six years of age, and blind in her right eye, started across said First avenue from the south side, and, having reached a point near the middle of the street, was either standing waiting for the street to be cleared or became frightened and jumped or ran backwards in front of the truck and was struck by it and killed. There is some conflict as to whether an auto was parked on the north side of the street car while standing, and also as to whether another automobile was coming behind and from the same direction as the street car, reaching the point where the street car was about the time it stopped. There is a tendency of the evidence to the effect that this automobile came up and swerved to its left or in the direction in which the child was standing, and that the child became frightened and went back south to a point in front of the truck."

The principles of law governing offenses of the character charged in this indictment have been so often stated it is not necessary to reiterate them here nor to elaborate upon them in any manner. Johnson v. State, 94 Ala. 35, 10 South. 667; Bynum v. State, 8 Ala. App. 79, 62 South. 983; Sanders v. State, 105 Ala. 4, 16 South. 935; Fitzgerald v. State, 112 Ala. 34, 20 South. 966; Benjamin v. State, 121 Ala. 26, 25 South. 917; Medley v. State, 156 Ala. 78, 47 South. 218; McGee v. State, 4 Ala. App. 54, 58 South. 1008; Tidwell v. State, 70 Ala. 33; Thompson v. State, 131 Ala. 18, 31 South. 725.

[1] Another principle of law proper to be stated is that an automobile or motortruck is not excluded from the common right of the use of the public highways of this state, and the proprietor or operator thereof is only liable for the consequences of negligence in such use. The degree of care to be observed by the operator of such conveyances in a public highway is that care which a reasonably prudent man would observe under like circumstances. Hester v. Hall, 81 South. 361.[1] In the case of Reaves v. Maybank, 193 Ala. 614, 69 South. 137, it was held that the highest degree of care is not exacted of operators of automobiles on public highways in this state.

"The simple rule is that drivers on the streets and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care." Reaves v. Maybank, supra, and cases cited.

There were but few exceptions reserved to the rulings of the court upon the evidence. [2] On cross-examination of Mrs. A. L.

1 Ante, p. 25.

Wilde, witness for state, the court would not permit the defendant to show by this witness that "the mother of the deceased child has sued Young & Vance for $100,000." There was no error in this ruling of the court. The question as framed could shed no light whatever upon the trial of the issues in this case, nor was it competent for the purpose of showing the interest of this witness as contended by defendant's counsel, as this witness had no connection with any of the parties, was not related to any of them, and in fact, testified that she had never met either one of them. Nor was there any error in the other ruling of the court in connection with this witness' testimony.

[3-6] The criticism of the court's ruling on the testimony of defendant's witness Mrs. A. C. Smith is not well founded. In the first place, the portion of the testimony objected to was clearly a conclusion on the part of this witness; the rule being that the witness could testify only as to the facts as she saw them, and it was for the jury to say as to whether the deceased had or had not "escaped from the truck." The insistence by defendant's counsel that the solicitor should have interposed an objection to the question which elicited this statement and should not be permitted to speculate upon the answer of the witness, while correct as a general rule, is not borne out here for the reason the record does not contain the question propounded which elicited this answer, and, it not appearing, we must indulge the presumption that this statement was volunteered by the witness, and was therefore properly excluded; it being manifestly incompetent for the reasons stated. The burden is upon the appellant to affirmatively show error, and in the absence thereof it will be presumed there was none.

[7] There was no error in the ruling of the court upon the testimony of defendant's witness R. D. Arthur. The court made it very clear to defendant's counsel that, if he could bring the testimony of this witness within the rule, by connecting it properly, and by showing its relevancy, the court would permit the witness to testify fully about the condition of the truck and the governor thereon, etc., but it appears that defendant was unable to so connect this witness' testimony. It was therefore incompetent, and the court correctly so held.

[8, 9] On cross-examination of the defendant while testifying as a witness in his own behalf, and over the objection of the defendant, the solicitor asked him the following question:

"Did you or not at that time know that it was against the law for you to run your truck at the rate of 15 miles an hour, pass a street car when it had stopped at a regular stopping place to let on and off passengers?"

This question was objectionable: (1) Because a defendant, as well as every one, is presumed to know what the law is, and therefore it was immaterial as to whether or not he was possessed of this knowledge at that time; (2) because the question assumed and gave the jury the impression that it was a violation of the law to run the truck at the rate of 15 miles an hour in that locality. However, error will not be predicated upon the ruling of the court in this connection, where no motion was made to exclude the answer of the witness in response to the question.

[10, 11] It is strenuously insisted by counsel for defendant that the court committed error in failing and refusing to instruct the jury that a portion of the argument made to the jury by one Mr. Denson, who assisted the solicitor in the prosecution of this case, was improper, and that it should not be considered by them. It is insisted that this Mr. Denson was of counsel also in a civil action for damages growing out of the same transaction against the owners of the truck, and, as a leverage in that case, was seeking a conviction of the defendant for the death of the child in question. In the course of his argument to the jury, which was the closing speech in the case, he stated:

"If you want to do Young and Vance a favor, if there are any friends of Young and Vance on this jury, you will be doing them a favor by turning this black rascal aloose."

That this was improper argument such as was calculated to prejudice the jury needs no discussion. It appears, however, that the counsel who made the objectionable statement very promptly stated to the jury that the remark so made by him was improper, that it had been made in the heat of argument, and that he wanted to withdraw the same from their consideration, and in their presence apologize to the defendant for having made such remark, and thereupon did withdraw said remark and did make said apology to the defendant in the presence of the jury. This was all that could be asked or expected from the counsel who made the remark; and it appears from the record that the court based its action in failing and refusing to instruct the jury that the argument and statement was improper, and that it was withdrawn from the jury and should not be considered by them, upon the fact that the counsel himself had done all these things. Clearly this was not sufficient. While it was right and proper for counsel to so willingly and promptly do everything in his power to correct the wrong committed by him, he had not the prerogative or power to instruct the jury as to any course of conduct upon their part. This sacred duty devolved upon the court, and, in failing and refusing to take prompt and decisive steps to undo

the wrong and to as far as possible relieve the defendant and his substantial rights from the undue prejudice and unjust burden thus incurred, the court committed error. Perdue v. State, ante, p. 500, 86 South. 158, and cases cited.

At the close of the defendant's testimony the record shows the following:

"Mr. Denson, the associate prosecuting attorney, made the following statement: 'I offer an ordinance of the city of Birmingham also which prescribes that when a street car stops at a regular stopping place for allowing passengers to get on or off that an automobile shall not pass that street car while it is in that condition.'"

The ordinance referred to was section 28 of the City Code of Birmingham, which reads as follows:

"It shall be unlawful for any person to run or drive any motor vehicle alongside the right side of any street car or interurban car when such car is standing for receiving or discharging passengers, and such motor vehicles shall not pass such street car to the right of such motor vehicle under such conditions. It shall be unlawful for any motor vehicle to pass any standing street car or interurban car when receiving or discharging passengers on the left of same."

[12] This court will take judicial notice of all ordinances, laws, and by-laws of all cities within the state having a population of as much as 100,000 people according to the last federal census, or any such census hereafter to be taken. Acts 1915, p. 294, § 7, and therefore it was unnecessary to offer in evidence the ordinance in question. This ordinance was introduced by the state, however, accompanied with the statement above quoted, and by the court it was read to the jury, and the record bears out the insistence that the case was tried upon this construction of the ordinance; that is, as stated by the associate counsel for the state, that it was unlawful for a motor vehicle to pass a standing street car or interurban car on either the right or left of said car.

It may be conceded that the wording of this ordinance is not clear, but it is evident that the construction placed upon it by the state's counsel and by the court is manifestly erroneous and calculated to mislead the jury in their deliberations and to work error of the most hurtful nature to the substantial rights of the defendant. In this connection the Attorney General, representing the state on this appeal in this court, concedes that the construction placed upon this ordinance by the insistence of the state's counsel and by the court was erroneous. In his brief the Attorney General says:

"We are frank to admit that in our judgment the ordinances as to passing street cars has no application in this case, as it seems very clear to us that this ordinance was meant to and only does refer to a car traveling in the same direction as the street car."

Under this ordinance a motor vehicle when moving in the same direction as the street car cannot pass to the right of the street car, when standing, nor can it cross the truck behind the street car and pass to the left of the street in its going direction. It does not have reference to a motor vehicle meeting a street car and passing it on the blind side of the car or on the opposite side of the street.

[13] We cannot agree with the insistence of the Attorney General, however, that this erroneous construction of the ordinance was immaterial for the reason that section 19 of the state law (Laws 1911, p. 634) covers the point, and must therefore govern. The material inquiry is: Did the erroneous construction of this ordinance mislead the jury, or was it calculated to mislead them in applying the facts in the case to the law as given the jury by the court? It is clear that nothing could have been more hurtful to the rights of the defendant than for the jury to understand the law to be that it was unlawful for the defendant while driving the truck to pass the standing street car under any condition, and that he was required to stop his truck even though he was traveling in the opposite direction from the street car and was on the opposite side of the street and to his right. Whether the trial court intended to convey this construction of the ordinance or not to the jury, from the record before us it is clear that the jury would have been justified in so concluding, and, this being true, error of so grievous import would necessarily effect a reversal.

[14] The oral charge of the court, when taken and considered as a whole, and this must be done, does not appear to be properly subject to the criticisms and insistence of error as contended by appellant's counsel. The specified excerpts of the charge to which exceptions were reserved probably contain misleading tendencies, but the oral charge as a whole contains no error which would of itself effect a reversal. But the same cannot be said of the manner in which the court gave to the jury the written charges requested by defendant. The court's duty in this connection is expressly provided by statute, Acts 1915, p. 815, which reads:

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written. * * * The court shall after the conclusion of his charge to the jury read such written charges as he has given for the parties in a clear and audible voice, saying to the jury, *'these are instructions given you by the court at the request of the* * * * *defendant,* * * * *and are correct statements of the law to be taken by you in*

*connection with what has already been said to you."* (Italics ours.)

There was a noncompliance by the court of this statutory requirement, and it appears from the record that the court read several written charges to the jury, given at the instance of the defendant, and after each charge was read, and before reading another charge, the court proceeded to qualify, limit, or modify the charge just read. The effect in practically such instance was to destroy or emasculate the written charges just read. We are of the opinion that the court committed error in each of these instances, any one of which would of necessity work a reversal of this case. The rule is that it is proper for the court to explain to the jury the. meaning of written charges given at the request of a party, but not to qualify, limit, or modify such charges. Lewis v. State, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; Northern Ala. Ry. Co. v. White, 14 Ala. App. 228, 69 South. 308. Exceptions were separately and properly reserved to the action of the court in thus qualifying the written charges as above, and these exceptions were well taken.

For the errors pointed out, the judgment of conviction is reversed, and the cause re-manded.

Reversed and remanded.