(111 So. 583)

## AUSTIN v. STATE. (7 Div. 269.)

Court of Appeals of Alabama. April 12, 1927.

64

Hugh Walker, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. ▮ Under a general verdict of the jury, the defendant was convicted of the offense of distilling, etc., prohibited liquors, and of the possession of a still to be used for that purpose.

The evidence was in conflict. That for the state tended to show that this appellant and another were at the still on the occasion of the raid, resulting in his arrest, and that he was seen to carry one or two turns of wood to the still, and that when state witness Draper went to the still the defendant had a pint flask catching whisky from the worm, proofing it. The still was in full operation with whisky running therefrom at the time. It was of 150-gallon capacity, and there were about 20 gallons of whisky and about 150 gallons of beer at the still. There was also evidence of a statement in the nature of a confession by the defendant, wherein he stated at the time of his arrest:

"You have got me now, I am not going to run."

That he had been there about half an hour and if the officers had waited about that much longer they would not have caught him. The evidence for the defendant tended to show that, while he was present at the still in question at the time stated, he did not carry any wood to the still, and that the flask of whisky he got was from a tub and not from the worm, as testified to by the state witness. He denied that he was proofing the whisky, and also that he had been working at the still or had any interest, possession, or ownership therein. He insisted that he had been at the still about 15 minutes only, and that he happened upon it on his way to the store to get some kerosene in the bottle which he had in his possession at that time. He also denied making the alleged statement or confession above quoted. These conflicts in the evidence presented a question for the jury, therefore refused charges 1, 2, 3 were properly refused.

No exception was reserved to the rulings of the court upon the evidence, and the appeal here is rested upon exceptions to the court's oral charge, and also the refusal of charge 5 to defendant.

▮ As to refused charge 5, this was fully covered by given charge 7; therefore there was no error in its refusal.

Charge A was given at the instance of the defendant, and appellant insists that the court committed reversible error in that in the oral charge the remarks of the court relative to charge A tended to and did qualify, limit, and modify said charge. We are convinced that there is no merit in this insistence, for we regard the utterances of the court in this connection as being clearly within the rule which makes it proper for the court to explain to the jury the meaning of written charges, given at the request of a party. We do not regard the statements of the court in the light that said charge was thereby qualified, limited, or modified. See Bailum v. State, 17 Ala. App. 679, 684, 88 So. 200, and cases cited. The oral charge of the court in this case was an able one, and was extremely fair to the defendant. To our minds, the defendant's every legal right was properly safeguarded, and that pending the whole trial no prejudicial error appears. Let the judgment of conviction, from which this appeal was taken, stand affirmed.

Affirmed.