# Jones *v.* The State.

## *Murder.*

(Decided June 29, 1911.  Rehearing denied Dec. 21, 1911.
57 South. 36.)

1. *Evidence; Testmony of Witness at Former Trial.*—Where a witness at a former trial had died, the stenographer's notes of his testimony taken at such former trial, were admissible, although not signed by the witness, to prove his testimony given on such trial.

2. *Same; Inculpatory Statements; Predicate.*—Where a constable had charge of a defendant after the coroner's verdict, and testified

that he did not offer defendant any reward or threaten him in any way, or offer him any inducement to get him to talk or to make any statement, this was a sufficient predicate to justitfy the admission of inculpatory statements alleged to have been made by the defendant to witness.

3. *Homicide; Evidence; Flight.*—The fact that the defendant broke jail and fled was admissible as an inculpatory circumstance.

4. *Same.*—Where, after being arrested for murder, the defendant broke jail and fled, it was competent to show the circumstances of his recapture and the statements made by defendant that no one assisted him to escape.

5. *Same; Manslaughter; Instructions.*—Where there was no evidence on which a conviction for manslaughter could be based, it was not error to decline to charge upon that degree of crime.

6. *Same; Motive.*—A charge asserting that the presence or absence of motive in the commission of an offense, is always a subject of inquiry, and is of more importance and deserving of more consideration when the identification of defendant as a criminal agent depends on circumstantial evidence, was properly refused as being incomplete and failing to hypothesize that if the criminal act and defendant's connection therewith was clearly shown, the absence of motive was immaterial.

7. *Charge of Court; Particular Facts; Argumentative.*—A charge asserting that the jury may look to the fact, if it be a fact, together with all the other facts and circumstances in the case, that defendant and decedent were friendly to each other in determining whether defendant had any motive for murder, was not only argumentative, but gave undue prominence to particular facts.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Will Jones was convicted of murder in the second degree, and he appeals. Affirmed.

The facts as to the admission of the stenographer's notes as to Will Harvey's testimony sufficiently appear in the opinion. The witness J. E. King was permitted to testify that he is constable of Massey beat, and lived in that section, and had charge of the prisoner, Will Jones, after the coronor's verdict. "I had a conversation with him, and did not offer him a reward or threaten him in any way, or offer any inducement to get him to talk to me and tell anything. As we were going over that morning, he said that if he killed old man Ranse, nobody did not see him, and couldn't prove it, or something like that. Then, after we got there, he said if

they punished him for it, they would punish an innocent man.    As we went on to Falkville, he asked me if I had ever heard of a white man being hurt for killing an old negro."    And in answer to the question, if he made any statement after that, and what it was, he said, "It was not much harm to kill a negro anyway," and that was about all.    Thomas R. Shipp was shown to be sheriff of said county, and his statements as to the statements made by the defendant are similar to those testified to by King, and the preliminary proof is practically the same.    It was further shown by this witness that the defendant had escaped from jail and fled; that this occurred about three weeks ago.    The court excluded the answer of the sheriff as to how he knew he broke jail, in which he said that he was gone, and the other prisoners in jail said that he broke out.    The other exceptions to evidence sufficiently appear from the opinion.

The following charges were refused to the defendant: "(A) The presence or absence of a motive in the commission of an offense is always a legitimate subject of inquiry.    It is of more importance and deserving of more consideration when the identification of the accused as a criminal agent depends upon circumstantial evidence.    (B) Gentlemen of the jury, I charge you at the request of the defendant that you may look to the fact, if it be a fact, together with all the other facts and circumstances in the case, that the defendant and the deceased, Ranse Wilhite, were shown to be friendly to each other, in determining whether defendant had any motive to murder him."

PORTER M. BRINDLEY, and KYLE & HUTSON, for appellant.    Stenographic notes are not admissible to prove testimony given on a former trial.—5 Enc. of Evid. 889;

McKelvy on Evidence, 235; 69 Mich. 345; 81 Wis. 127;
35 Md. 531; 40 Mo. 489; 25 N. J. L. 173; 4 Sandf. 120.
While a witness's evidence given before a justice of the
peace when signed by him, is admissible on a subse-
quent trial, it is not admissible unless all the prelim-
inary steps have been complied with.—Section 7600,
Code 1907; *Shirley v. The State,* 144 Ala. 35. The
court judicially knows that the Morgan Law and Equi-
ty Court has no official stenographer.—*Sandlin v. An-
derson,* 76 Ala. 403; *Russell v. Huntsville Ry. Co.,* 137
Ala. 631. Before a deposition of a witness can be ad-
mitted it must be signed by the witness.—*Bell v. Cham-
bers,* 35 Ala. 661. When sworn as a witness a stenog-
rapher may testify as to the substance of an absent
witness's testimony.—*Pruitt v. The State,* 92 Ala. 41;
see generally, *Knight v. The State,* 103 Ala. 48; *Mat-
thews v. The State,* 96 Ala. 62; *Harris v. The State,* 73
Ala. 495. There was no evidence to show that the con-
fession admitted was voluntarily made, and the court
erred in admitting it.—*State v. Stallings,* 142 Ala. 112.
The court erred in admitting evidence of declarations
by the defendant concerning his recapture and escape
from jail.—*Patterson v. The State,* 156 Ala. 66; *Wicard
v. The State,* 109 Ala. 45; *Mason v. The State,* 42 Ala.
537. The court erred in refusing the charge as to the
law of motive.—*Clifton v. The State,* 73 Ala. 473; *Brun-
son v. The State,* 124 Ala. 40; *Dennis v. The State,* 118
Ala. 72; 49 N. Y. 137. The charge should have been
given in view of the fact that the absence of motive tends
to prove appellant's special plea of insanity.—115 N. Y.
475; 144 Mo. 60; 13 L. J. 875.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
proper predicate was laid for the introduction of sec-

ondary evidence to show the testimony of the witness Bill Harvey, who is shown to have died before the second trial (the present one).—*Davis v. State,* 17 Ala. 354; *Horton v. State,* 53 Ala. 488; *Marlet v. State,* 67 Ala. 55; *Roberts v. State,* 68 Ala. 515; *Jeffries v. Castleman,* 75 Ala. 262; *Lowe v. State,* 86 Ala. 47; *Smith v. Kyser,* 115 Ala. 455. "It has been held that notes taken in one case may be read in a different case, even where the parties are not the same."—26 Cyc. 781. Where the stenographer testifies that he has correctly taken the testimony of witness on a former trial he may read his notes of such testimony, although he has no independent recollection thereof.—*Wright v. Wright,* 58 Kan. 525. It has been held that where the writer has no independent recollection of the testimony to which he deposes he may use his shorthand notes in giving the former testimony of a witness.—*Smith v. Smith,* 99 Iowa 26; 61 Amer. St. Reports, 219. It is immaterial that the translation of the notes be oral or not.—*Bass,* 136 Ind. 165. The same weight may be accorded stenographers notes as deposition taken upon notice.—*Railroad v. Meyers,* 80 Fed. Fep. 361. It has been held that the stenographer may read his shorthand notes regarding the testimony of witness before the grand jury. —*Keith v. State,* 157 Ind. 376. It has been intimated in this State that it is much the safer rule if the witness deposing to former testimony give the precise language of the deceased.—*Clealand v. Huey,* 18 Ala. 343, 346. The stenographer is usually the only person who can give the precise words of the witness. A proper predicate was laid for the alleged confession of the defendant as testified to by the witnesses King and Shipp. —*Winslow v. State,* 16 Ala. 42; *Brister v. State,* 26 Ala. 107; *Mose v. State,* 36 Ala. 211; *Aaron v. State,* 37 Ala. 106; *Grant v. State,* 55 Ala. 201; *Bonner v. State,* 55

Ala. 242; *King v. State,* 40 Ala. 314; *Washington v. State,* 58 Ala. 61; *Johnson v. State,* 59 Ala. 37.; *Kelly v. State,* 72 Ala. 244; *Steele v. State,* 83 Ala. 26; *Dodson v. State,* 86 Ala. 60; *Hornsby v. State,* 94 Ala. 55; *Beckham, v. State,* 100 Ala. 15; *Shields v. State,* 104 Ala. 35; *Stone vs. State,* 105 Ala. 60; *Huffman v. State,* 130 Ala. 89; *Bush v. State,* 136 Ala. 85, 88. The court properly refused to charge the jury on the question of manslaughter. Such a charge would have been abstract, there being in the record no evidence tending to show the defendant guilty of this offense.—*DeArman v. State,* 71 Ala. 351, 359; *Pierson v. State,* 99 Ala. 148, 153; *Compton v. State,* 110 Ala. 24, 35. If the defendant deemed the instructions of the court not full enough on the point of manslaughter he should have asked specific instructions. Failing to do so the Appellate Court would not consider the question.—*DeArman v. State, supra.* The unnumbered charge with reference to motive was properly refused.—*Clifton v. The State,* 73 Ala. 473. The charge at the top of page 74 of the record was also properly refused for the reason that it singled out and gave undue prominence to the relation of the deceased and the defendant.—*Fountain v. State,* 98 Ala. 40, 45; *Stone v. State,* 100 Ala. 60, 70; *Campbell v. State,* 133 Ala. 81, 88.

SIMPSON, J.—The appellant was convicted of the crime of murder in the second degree.

The state offered to introduce a typewritten copy of the testimony of Will Harvey, deceased, given at a former trial of this case, and taken down by a stenographer. The stenographer was sworn as a witness and identified the testimony as that taken down by her at the former trial, stating that she was not sworn at the time she took it down. The defendant objected to the intro-

duction of the evidence, on the grounds that the stenographer was not under oath, at the time of taking down the evidence, at the former trial, and because the testimony was not signed by the witness. The objections were overruled, and the testimony, including the direct examination and cross-examination, was admitted.

It is the settled law of this state that the testimony of a witness at a former trial, since deceased, though not signed by him, may be introduced; and this court has said, "It was competent to introduce any witness who heard his statements."—*Roberts v. State*, 68 Ala. 515, 525; *Lowe v. State*, 86 Ala. 47, 51, 5 South. 435; *Jeffries v. Castleman*, 75 Ala. 262, 264; *Marler v. State*, 67 Ala. 55, 61, 42 Am. Rep. 95.

This court has held that such evidence is admissible even when the previous testimony was not reduced to writing, provided the witness can state the substance of all the testimony of said witness at the previous trial. —*Davis v. State*, 17 Ala. 354, 356, et seq.; *Harris v. State*, 73 Ala. 495, 497; *Thompson v. State*, 106 Ala. 67, 74, 75, 17 South. 512; *Degg v. State*, 150 Ala. 3, 43 South. 484.

This case is differentiated from the cases in other states, cited by appellant, in that in the present case, the stenographer, who took down the testimony in the former case, was sworn as a witness in this case, and identified the typewritten copy as the testimony taken down by her in the previous trial, which is certainly more satisfactory than the testimony of a witness, merely from his memory, as to what he testified in the previous trial.

The notes made by stenographers have been admitted, where the stenographer had no independent recollection of the testimony, and the reasoning of the courts is sound.—*State of Iowa v. Smith*, 99 Iowa, 26, 68 N.

W. 428, 61 Am. St. Rep. 219; *Wright v. Wright,* 58 Kan. 525, 50 Pac. 444.

There was no error in admitting this testimony.

A sufficient predicate was laid for the admission of the testimony of the witness J. E. King, as to inculpatory statements made by the defendant, and there was no error in admitting the same.—*Bush v. State,* 136 Ala. 85, 88, 33 South. 878, and cases cited; also, the numerous cases cited in the brief of the Attorney General.

For the same reasons, there was no error in admitting the testimony of Thomas R. Shipp, as to statements made by the defendant.

Proof of flight is always admissible, and there was no error in admitting the testimony as to breaking jail and flight by the defendant.

The court excluded the hearsay statements as to how he broke jail, so that the testimony was merely as to the flight.

For the same reasons there was no error in allowing the testimony of Dr. White as to the circumstances of the capture of the defendant after he had escaped from custody.

There was no reversible error in permitting the witness Scott to testify as to statements by the defendant that no one had helped him to escape. It showed that his escape and flight was his own voluntary act.

There was no error in permitting the questions to the defendant, on cross-examination, as to his escape from jail, flight, etc. A defendant who testifies is subject to cross-examination like any other witness.

There was no error in sustaining the objection by the state to the reading of the showing as to what Nancy Blackwood would swear. It had already been read to the jury, and the witness could not state what the threats were. Besides, there was no evidence tending to

[Jones v. The State.]

show that Harry Wilhite was anywhere near the place of the killing, and the time fixed was a year before the killing.

There was no error in the failure of the court to charge on the subject of manslaughter. Besides the fact that no specific charge was requested on that subject there was no evidence in the case on which manslaughter could be predicated. See authorities cited in brief of Attorney General; *Williams v. State,* 147 Ala. 14, 41 South. 992.

There was no error in the refusal to give charge A requested by the defendant. As said by Brickell, C. J., in discussing a similar case, the charge "could not have been given without misleading the jury, unless additional instructions had been given, stating that if the criminal act and the connection of the appellant were clearly proved, the absence of evidence of motive was immaterial."—*Clifton v. State,* 73 Ala. 474, 479; *Brunson v. State,* 124 Ala. 38, 39, 40, 27 South. 410.

Charge B, requested by the defendant, was properly refused, being "argumentative in a sense, and singling out and giving undue prominence to the facts proposed thus to be brought to the attention of the jury."—*Stone v. State,* 105 Ala. 70-71, 17 South. 114, and cases cited; *Fountain v. State,* 98 Ala. 41, 42, 45, 13 South. 492; *Campbell v. State,* 133 Ala. 81, 84, 88, 31 South. 802, 91 Am. St. Rep. 17.

There being no reversible error in the record, the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.