# McPherson *v.* The State.

### Murder.

(Decided June 30, 1916. Rehearing denied December 30, 1916.
73 South. 387.)

1. **Appeal and Error; Review; Failure to Instruct.**—The partial or total failure of the trial court in its oral charge to instruct relative to the law involved in the trial of a criminal case is not reviewable; the remedy of defendant being to request special written instructions according to the practice prescribed by § 5362 and § 5364, Code 1907, as amended by General Acts 1915, p. 815.

2. **Same; Assignment of Error; Criminal Case.**—Under § 6264, Code 1907, assignments of error on the record are not required on appeals in criminal cases.

3. **Homicide; General Charge; Exceptions.**—Where the oral charge stated that defendant was guilty of murder in the first degree, or was innocent and

entitled to an acquittal, and failed to submit the nature of defendant's guilt of murder in the second degree, although error, was not reviewable in the absence of an exception, since no change was effected in the established practice relative to the necessity of a seasonable objection and exception to general charges by the amendment made to § 5364, Code 1907, by Acts 1915, p. 815.

4. **Same.**—The fact that the oral charge infracted the provisions of § 7087, Code 1907, did not relieve defendant of the necessity of reserving an exception to the charge.

(Mayfield and Thomas, JJ., dissent.)

APPEAL from Covington Circuit Court.

Heard before Hon. A. B. FOSTER.

John McPherson was convicted of murder in the first degree and he appeals. Affirmed.

PARKS & PRESTWOOD, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

McCLELLAN, J.—On the night of November 6, 1897, Wade Childee was assassinated while he was sitting near a window, in his dwelling, reading. He was shot in the back of the head, dying a short time thereafter. The weapon used was a pistol. Whether the appellant was the guilty agent was the inquiry submitted to the jury's determination on a trial had about 18 years after the assassination of Childee. There was evidence inviting the jury's judgment that the appellant was the assassin, and there was evidence inviting the conclusion that he was entirely innocent. The conviction is of murder in the first degree, the penalty imposed being life imprisonment.

(1) In the instruction of the jury by the court, ex mero motu, the jury was affirmatively advised that the defendant was either guilty of murder in the first degree, or was innocent and due to be acquitted; the jury being further advised that, if the defendant was found guilty, they should impose the penalty of death or life imprisonment, the penalties fixed by law for that grade of offense. No exception to the oral charge of the court appears to have been taken or reserved for or by the defendant. No special charge appears to have been requested for or by the defendant relating to the matter of the guilt vel non of the defendant of murder in the second degree or any other less degree of homicide. The partial or total failure or omission of a trial court

to instruct a jury in its oral charge with reference to principles
or rules of law that may be, or even are, involved in the trial,
cannot be made the basis for a reviewable question on appeal.—
*Williams v. State,* 147 Ala. 10, 25, 41 South. 992; *Jones v. State,*
174 Ala. 85, 93, 57 South. 36. The party's remedy in such cases
of mere failure or omission is to request special written instruc-
tions according to the practice established by the statutes.—Code,
§ 5362, and section 5364 as amended by the act approved Sep-
tember 25, 1915 (Gen. Acts 1915, p. 815); *Williams v. State,*
*supra; Jones v. State, supra.*

The only argument made by appellant's counsel for error in
the judgment is predicated of the matter before mentioned.

(2) No assignment of errors is required for appeals in crimi-
nal cases; and the appellate court is required to "consider all
questions apparent on the record or reserved by bill of exceptions,
tions according to the practice established by the statutes.—Code,
§ 6264.

Code, § 5364, was amended by the act set forth in Gen. Acts
1915, p. 815, so as to read as follows: "Charges moved for by
either party must be in writing, and must be given or refused
in the terms in which they are written; and it is the duty of the
judge to write 'given' or 'refused,' as the case may be, on the
document, and sign his name thereto; which thereby becomes a
part of the record, and charges which are given must be taken
by the jury with them on retirement, and those refused must be
retained by the clerk. The court shall after the conclusion
of his charge to the jury read such written charges as he has
given for the parties in a clear and audible voice, saying to the
jury, 'these are instructions given you by the court at the request
of the plaintiff or defendant, as the case may be, and are correct
statements of the law to be taken by you in connection with what
has already been said to you.' The refusal of a charge though
a correct statement of the law shall not be cause for a reversal
on appeal if it appears that the same rule of law was substan-
tially and fairly given to the jury in the court's general charge
or in charges given at the request of parties. In case of appeal
the charges must be set out in the transcript in the following
manner: (1) The charge of the court. (2) The charges given
at the request of the plaintiff or the state. (3) The charges
given at the request of the defendant. (4) The charges refused
to the appellant. It shall not be necessary to set out the charges

in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof. Every general charge shall be in writing, or be taken down by the court reporter as it is delivered to the jury."

Code, § 5362, provides: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

This court has ruled that the statute (Code, § 7087) imposes a duty on the trial courts to instruct the juries hearing prosecutions under indictments charging murder in both the first and second degree.—*Brown v. State*, 109 Ala. 70, 20 South. 103; *Parham v. State*, 147 Ala. 57, 68, 42 South. 1; *Gafford v. State*, 125 Ala. 1, 28 South. 406. See, also, *Williams v. State*, 130 Ala. 107, 113, 30 South. 484, modifying the *Brown and Gafford Cases*.

(3) The primary inquiry governing the single matter urged for error in brief for the appellant is whether the subject of the argument for error was saved or reserved for review by this court. Unless the rule has been changed by the above-quoted amendment of Code, § 5364, the defendant was obliged, if he would have review of the matter of complaint on appeal, to reserve an exception, pending the trial and before the jury retired, to the oral charge of the court, delivered ex mero motu, whereby the jury was affirmatively advised that the defendant could only be adjudged guilty of the higher grade of murder, or, on the other hand, adjudged innocent, and hence discharged.—*City Council, etc., v. Gilmer*, 33 Ala. 116, 133, 134, 70 Am. Dec. 562; *Tyree v. Parham*, 66 Ala. 424, 432; *Hayes v. Solomon*, 90 Ala. 520, 522, 7 South. 921; *Moore v. State*, 146 Ala. 687, 40 South. 345, 346; *Phoenix Ins. Co. v. Moog*, 81 Ala. 335, 1 South. 108. If the amendment of the cited statute has not wrought the change indicated. the matter is not, under the decisions of this court, · debatable. We have consulted the original transcript in *Brown v. State*, 109 Ala. 70, 20 South. 103, and find that the action of the trial court there sought to be reviewed was saved by appropriate and serviceable exception to the oral charge of the trial court; and the opinion in *Gafford's Case*, 125 Ala. 9, 28 South. 406, recites that the defendant reserved an exception to that part of the charge which vio-

lated the duty imposed upon the court by what is now Code, §
5362, and by section 5364 before its amendment in 1915.   In
*City Council, etc., v. Gilmer, supra,* it was said:   "The two
charges given by the court of its own motion were not excepted
to until after the jury retired.   There are many authorities which
hold that an exception to the charge of the court may be taken
at any time before the jury return their verdict; but we adopt the
rule that the exception must be taken before the jury leave the
bar, because it is supported by respectable authorities, has been
for a long time universally recognized in practice in this state,
and seems to rest upon a good reason.   The reason is that the
court may have, at the time of giving the charge, an opportunity
'for reconsidering and explaining it more fully to the jury.'
*   *   *   The two charges given by the court of its own motion
are therefore not before us for revision."

Code, § 5364, as amended (Gen. Acts 1915, pp. 815, 816),
has wrought no change in the theretofore established practice
with respect to the necessity to seasonably, appropriately reserve
conceived errors in the instructions of juries, by the trial courts,
ex mero motu, in order to present the matter for review.   The
only provision of that statute, as amended, relating to the "gen-
eral charge" of the court, are these:   (a) Averting reversible
error in the refusal of an instruction requested by a party when
the "same rule of law was substantially and fairly given to the
jury in the court's general charge;" (b) the requirement that
the "general charge" shall be set out in the transcript; (c) re-
quiring the reduction of the general charge" of the court to
writing, or that it be taken down by the court reporter as it is
delivered to the jury.   None of these provisions contemplate
or intend the change of the rule that errors in the "general
charge" of the court shall be seasonably, appropriately excepted
to pending the trial.   The statute as amended does affirmatively
avert the necessity, as under the previous practice, to include in
the bill of exceptions special instructions, given or refused,
requested by the parties; but this provision of the amended stat-
ute has no application to the "general charge" of the court,
delivered ex mero motu.   These is no provision in the statute
making the "general charge" of the court a part of the record
proper.   In the statute before its amendment, likewise in the
amended statute, it was provided that given or refused instruc-
tions, requested by the parties, became a part of the record

[McPherson v. The State.]

when appropriately indorsed by the presiding judge, but even then it was the established rule that review of the action of the court in giving or refusing such requested instructions could not be had unless they were incorporated in the bill of exceptions. —*Milner Co. v. Wiggins,* 143 Ala. 132, 38 South. 1010, among others.

(4) The fact that the error committed by the trial court in confining the jury to a conclusion of guilt or innocence of murder in the first degree only resulted from the infraction by the court of the provisions of Code, § 7087, did not avert the necessity for the reservation by the defendant of an exception to the oral charge by which the error was introduced,.. The trial court had jurisdiction of the offense charged in the indictment and of the person of the accused, and authority and power to render the judgment entered. In these circumstances the oral charge of the court thus confining the jury's conclusions to the alternatives indicated above were errors at most; and, though committed, could only serve to reverse the judgment, in no event operating to render the judgment absolutely void. In the state of the evidence before the trial court as reproduced in the transcript, the omission to appropriately reserve an exception to the part of the oral charge, of which the appellant complains for the first time on appeal, might be attributed to a consummate, legitimate tactfulness and strategy, suggested by the fact that the trial court confined the jury's conclusion to one of only two antipodal alternatives, presenting the widest extremes possible in the administration of the criminal law, and attaching to an adjudication of defendant's guilt the imperative duty to impose one of two great penalties. Not having seasonably reserved an appropriate exception to the part of the oral charge now asserted for error, the appellant does not present for review on appeal the action of the court in so instructing the jury.

There is no reversible error in the transcript. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur. MAYFIELD and THOMAS, JJ., dissent. SAYRE, J., not sitting.

MAYFIELD, J.— (dissenting).—I cannot concur in the affirmance of this judgment of conviction. The record before us conclusively shows that the accused was convicted of the gravest

offense known to the law, and that he was convicted in violation of an express and a mandatory statute; that on his trial he was denied the full benefit of a trial by jury which is secured to him by the warranties of our Constitution. When a Constitution or a statute prohibits, either expressly or by necessary implication, the court from doing a given thing, or in like manner requires the jury to do the same thing, the court, even with the consent or acquiescence of the jury, the accused, and the prosecutor, all combined, cannot authorize, legalize, or ratify the doing of that thing by the court. Such act of the court, in the eyes of the law, is as void and invalid as if it had never been done. This court has repeatedly held that the failure of the jury to ascertain the degree of the murder is fatal, regardless of what the evidence or the parts of the verdict shows. The evidence may conclusively show, and it may be admitted, that the homicide was perpetrated by poison or by lying in wait either of which the statute in terms makes murder in the first degree, and the punishment fixed in the verdict be imprisonment for life, or be death, neither of which could be applied in convictions of murder in less than the first degree. It has been repeatedly and uniformly held by this and other courts that the accused and the prosecutor cannot waive a compliance with constitutional provisions for trial by jury in felony cases, and that neither nor both can lawfully consent for the court to do what the Constitution or the statutes requires the jury to do, or prohibits the court from doing. When the court usurps a power or right so exclusively conferred upon the jury, there is no occasion to except, because the accused cannot consent. The act of the court, in such cases, is absolutely void, and cannot be ratified or waived. To do so would destroy the supremacy of the law, and invited the evasion of all such constitutional provisions governing the distribution of powers and rights between courts and juries, in the trial of felony cases, to say nothing of the evasion of statutory regulations.

The decision in this case points the way to avoid the constitutional provisions and the mandatory statutes as to the distribution of the powers, rights, and jurisdiction, of the court and the jury, in the trial of felony cases. If the accused fails to object and except to the usurpation of the power, or certainly, if he consents to or requests it, then the Constitution and the statutes are rendered nugatory, though they expressly or by necessary implication prohibit the thing done.—*Brown's Case*, 109 Ala. 77,

20 South. 103, cited in the majority opinion. The reason why the action of the court, in directing the jury to find a verdict in a given degree of murder, is absolutely void, is better expressed by BRICKELL, C. J., in that case, than I could hope to do. It is probably the fullest and most learned discussion of the subject to be found in all the books. While all that was said in the opinion was not agreed to, the matter not agreed to did not condemn the question here involved; nor has the decision or the opinion as to this question, in my judgment, ever since been questioned or modified, except in the case now in hand. Neither the decision nor the opinion in the *Williams Case,* cited and relied upon in the prevailing opinion, in my judgment questions the correctness of the holding or opinion on the question here involved.

The defendant cannot waive a jury trial in a felony case; nor can he consent to be tried by a jury other than the one authorized by the Constitution and the statutes; nor can he consent for the court to do acts, as to jury trials, which the statutes forbid the court to do; nor can he consent to waive, or waive, his right to have the court or the jury do what the statutes or the Constitution mandatorily imposes thereon. The result of disregarding a right guaranteed by the Constitution, or of disregarding or violating a mandatory statute, or to the rights of jury trials in felony cases, is to render a verdict of guilty void, notwithstanding no objection was made at the trial, or in many cases, notwithstanding the consent or request of the accused thereto.—*Sylvester v. State,* 71 Ala. 17; *Spicer v. State,* 69 Ala. 159; *Bankhead v. State,* 124 Ala. 14, 26 South. 979; *Burton v. State,* 115 Ala. 1, 22 South. 585; Cooley, Const. Lim. 319, 410; Proffatt on Jury Trials, § 113; *French v. State,* 85 Wis. 400, 55 N. W. 566, 21 L. R. A. 402, 39 Am. St. Rep. 855, and cases cited; *State v. Stewart,* 89 N. C. 563.

It is illogical to hold that judgments of conviction are void when they fail to affirmatively show a compliance with the constitutional provisions and statutes, but valid when they do affirmatively show that the same constitutional provisions and the same statutes were disregarded and openly violated.

The record in this case affirmatively shows that the jury did not ascertain and fix the degree of murder; but it also affirmatively shows that the court usurped the power conferred on the jury, and found it himself, compelling them to return the one he found.

It has been uniformly ruled by this court for more than half a century that it was error fatal to any judgment of conviction, if it be made to appear that the trial court has by its action denied, impaired, or diminished any right of the accused secured to him by the Constitution or the statutes of the state.—*Parsons v. State*, 22 Ala. 50; *Phillips v. State*, 68 Ala. 474. These provisions and statutes are never construed as directory, but as being mandatory, and prohibitory of the court's depriving the accused of the rights thus conferred, or of their being lost by laches or neglect on the part of ministerial officers, or of their being waived by the defendant or his counsel, except in or by some mode authorized by the Constitution or the statutes, which gives, confers, or secures the right.

THOMAS, J., concurs in the views of Justice MAYFIELD.