## SAWYER v. STATE. (I Div. 573.)

(Court of Appeals of Alabama. March 17, 1925.)

**I. Homicide ⊛⇒78—"Manslaughter in second degree" is unintentional killing of another in commission of unlawful act; "involuntary manslaughter."**

Generally, "manslaughter in second degree" is defined as unintentional killing of another in commission of unlawful act; but if death is produced by intentional wrongful blow, but without malice or intention to kill, it would be manslaughter in second degree, commonly called "involuntary manslaughter."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Involuntary Manslaughter; Manslaughter in Second Degree.]

**2. Homicide ⊛⇒35, 36—Malice and intent not elements of manslaughter in second degree.**

Questions of malice and intent do not enter into accusation of manslaughter in second degree, and are not material ingredients or elements of offense.

**3. Criminal law ⊛⇒363—Testimony as to part of continuing transaction held proper as relating to res gestæ.**

In prosecution for manslaughter in second degree, where transaction between deceased and accused was continuous in nature until witness arrived, testimony of such witness as to what he saw was admissible as res gestæ.

**4. Homicide ⊛⇒174(8)—Statement by one accused of manslaughter in second degree as to his intent held inadmissible.**

In prosecution for manslaughter in second degree, testimony that accused, several days afterward, stated that he tried his best to kill deceased, was not admissible to show animus or hostile state of mind on part of accused; such elements not being involved.

**5. Criminal law ⊛⇒338(I)—To be admissible, evidence must have reasonable and proximate tendency to prove or disprove particular issue involved.**

In criminal cases, evidence, to be admissible and relevant, must have reasonable tendency to prove or disprove material fact at issue, and, as general rule, facts are deemed relevant which have proximate tendency to prove or disprove particular issue involved.

**6. Criminal law ⊛⇒696(4)—Motion to exclude improper testimony volunteered by witness held to properly raise question.**

Where proper predicate for confession had been laid, motion to exclude, made promptly, after introduction of testimony, apparently volunteered by witness, that accused several days after transaction had stated that he had intended to kill deceased, properly raised question as to its inadmissibility, because intent was not element of offense.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Zollie Sawyer was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

Jim Morris, a witness for the state, testified that he heard a conversation between defendant and some other parties a few days after the difficulty; that no inducements were offered defendant to talk, etc.; and that defendant, speaking to the others, referring to the deceased, "told them that he tried his best to kill the —————— ——————." Defendant's motion to exclude this statement was overruled.

Hybart & Hare, of Monroeville, for appellant.

Acts and declarations, to be admissible under the principle of res gestæ, must be substantially contemporaneous with the main fact and so closely connected as to illustrate its character. Humber v. State, 19 Ala. App. 451, 99 So. 68; L. & N. v. Pearson, 97 Ala. 211, 12 So. 176; State v. Stallings, 142 Ala. 112, 38 So. 261; Teague v. State, 144 Ala. 42, 40 So. 312; Lundsford v. State, 2 Ala. App. 38, 56 So. 89; Allsup v. State, 15 Ala. App. 121, 72 So. 599; Rogers v. State, 16 Ala. App. 58, 75 So. 264; Birmingham, etc., v. Campbell, 203 Ala. 296, 82 So. 546; Ashworth v. Ala. Co., 211 Ala. 20, 99 So. 191; Wells v. State, 187 Ala. 1, 65 So. 950; Morell v. State, 18 Ala. App. 243, 91 So. 501; Bessierre v. Ala., etc., Co., 179 Ala. 317, 60 So. 82; Greenwood v. State, 19 Ala. App. 635, 99 So. 825; 6 Michie's Ala. Dig. 68.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony of English was admissible as a part of the res gestæ. Page v. State, 17 Ala. App. 70, 81 So. 848; Corbin v. State, 19 Ala. App. 439, 98 So. 132. Evidence tending to show animus on the part of defendant was admissible. Thomas v. State, 18 Ala. App. 268, 90 So. 878; Vann v. State, 207 Ala. 152, 92 So. 182; Hall v. State, 208 Ala. 199, 94 So. 59.

BRICKEN, P. J. [1] The offense charged against this appellant by the indictment was manslaughter in the second degree. There have been many definitions of this offense. See cases cited in Bailum v. State, 17 Ala. App. 679, 88 So. 200. Generally it is defined as the unintentional killing of another in the commission of an unlawful act. However, when death is produced by an intentional blow, but without malice or the intention to kill, if the blow was wrongful, this would be manslaughter in the second degree, commonly called "involuntary manslaughter."

[2] The questions of malice and intent do not enter into an accusation of this character, and in no sense are they material in-

gredients or constituent elements of the offense.

[3] In the instant case two questions are seriously insisted upon as constituting reversible error; the first being that the testimony of state witness J. J. English was improperly allowed as not being of the res gestæ. We do not so conclude from a careful reading of the testimony. It strikes us as being plain, from the testimony, that the transaction between deceased and defendant was continuous in its nature; that is to say, that from the beginning of the trouble, when the lick was struck, up to the time of the arrival of witness English, the same controversy was in progress, and what English saw and was permitted to give in evidence was a part of the same transaction and was therefore of the res gestæ. We do not regard the rulings of the court in this connection as error.

[4] But not so as to the second proposition. The alleged inculpatory statement of defendant as testified to by witness Jim Morris was clearly not admissible. It was insisted that this statement was made by defendant several days after the occurrence complained of, and as the question of intent upon the part of defendant, in striking the blow, was not involved in the charge here made, the remark attributed to him, as testified to by witness Morris, could shed no light whatever upon any of the issues involved upon this trial. That it was hurtful to defendant and calculated to unduly prejudice the jury against him cannot be doubted. If the accused had been charged with murder or with voluntary manslaughter, instead of involuntary manslaughter, a very different question would have been presented and this inculpatory statement would have been admissible. But, as stated, malice or intent was not involved in the charge against him, and testimony bearing upon either of these questions was foreign to any issue then being tried. For these reasons we regard the insistence of the Attorney General, "that this testimony was admissible for the purpose of showing animus or hostile state of mind on the part of defendant toward the deceased," as being untenable. Animus upon the part of defendant or hostility towards the deceased were not involved, and as stated, were wholly foreign to any of the issues then being tried.

[5] To state it differently: It is elementary that evidence, to be admissible and relevant, must have a reasonable tendency to establish the issue. To be admissible evidence must have a reasonable tendency to prove or disprove a material fact in issue, and the general rule is: Facts are deemed relevant as evidence which logically tend to prove or disprove the fact in issue. The evidence must have a proximate tendency to establish the proof or disproof of the particular issue involved. As stated, the evidence here admitted was wholly foreign to any issue, and under the status as disclosed by the record manifest error is shown by the court's ruling in denying defendant's motion to exclude.

[6] The insistence that the question is not properly presented is equally without merit. A proper predicate for the introduction of a confession had been laid, and at this stage an objection could have availed the defendant nothing. As soon as the objectionable testimony was adduced, the defendant's counsel were prompt in their efforts to have this illegal testimony excluded, and the court committed reversible error in declining to do so. There was no means by which the defendant could know such answer would be given, nor was there anything to put them upon notice of this fact. The answer of the witness Morris appears to have been volunteered, as the record contains no question propounded to him calling for a statement of this character. In Bailum v. State, 17 Ala. App. 679, 682, 88 So. 200, this court said:

"The record does not contain the question propounded which elicited this answer, and, it not appearing, we must indulge the presumption that this statement was volunteered by the witness, and was therefore properly excluded."

For the error indicated, the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.