19 So.2d 356

## DAVIS v. STATE.
### 7 Div. 802.

Court of Appeals of Alabama.
June 27. 1944.

Rehearing Denied Aug. 22, 1944.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant, as defendant below, was indicted for the offense of murder in the first degree. The person alleged in the indictment to have been killed was, according to the testimony, the wife of the defendant.

Upon the trial in the court below the jury returned a verdict finding the defendant guilty of manslaughter in the first degree, and fixed his punishment at imprisonment for a period of ten years. Judgment of conviction was pronounced and entered and the court in accordance with the verdict of the jury sentenced defendant to imprisonment in the penitentiary for ten years.

Within the time allowed by law the defendant filed his motion for a new trial, which the court overruled, and to this action the defendant duly and legally excepted. The appeal is from the judgment of conviction and also from the judgment of the court overruling the motion for a new trial.

As stated, the indictment charged murder in the first degree, and therefore included within its terms all the lesser degrees of homicide, as well as all other offenses necessarily included in the offense with which the defendant was charged, whether a felony or a misdemeanor. Code of Alabama 1940, Title 15, Section 323. Morse v. State, 27 Ala.App. 447, 449, 172 So. 875.

The jury having by its verdict found the defendant guilty of manslaughter in the first degree, it necessarily follows that the defendant was acquitted of the offense of murder in the first degree, and murder in the second degree, charged in the indictment. Morse v. State, supra.

Under Section 320, Title 14, of the Code 1940, it is provided that: "Manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree; and manslaughter committed under any other circumstances is manslaughter in the second degree."

Involuntary manslaughter has been defined to be: "The unlawful killing of a human being without malice, either expressed or implied, and without intent to kill or inflict the injury causing death, committed accidentally in the commission of some unlawful act not felonious, or in the improper or negligent performance of an act lawful in itself." Johnson v. State, 94 Ala. 35, 10 So. 667, 669.

The evidence in this case shows without dispute that the deceased came to her death as the result of a gunshot wound inflicted upon her, either intentionally, or unintentionally, by Leamon Davis, her husband.

It was and is the contention of the State that the appellant deliberately and intentionally shot his wife in the back of her head with a shotgun.

It was and is the contention of the appellant that he unintentionally and accidentally shot the deceased while attempting to transfer the shotgun from the front seat to the rear seat of the automobile into which the deceased, with their baby in her arms, was about to enter.

Upon the trial of the case the defendant was the only eyewitness to the horrible tragedy. He testified that at the time the fatal shot fired he was sitting in the automobile, a Tudor Chevrolet Sedan, and there was in the car a doubled barrel shotgun, which the testimony shows, was load-

ed, both barrels of it. It was a hammerless shotgun and some of the evidence introduced by the defendant tended to show that on one occasion, at least, it accidentally went off emptying both barrels.

■ It is against the law in this State for one person to present a shotgun, whether loaded or unloaded, at another. Code 1940, Title 14, Section 167. And gross carelessness in the handling of a shotgun may be a violation of the above section of the Code. Medley v. State, 156 Ala. 78, 47 So. 218.

The defendant testified that when his wife, the deceased, with their baby in her arms, was about to enter the automobile he attempted to move the shotgun from between the two front seats to the rear seat of the automobile and that while he was so engaged the butt or stock, of the shotgun struck, either, the gear lever, or the steering wheel, of the automobile and was instantly discharged. This happened right in front of the residence of close personal friends of the defendant and his deceased wife.

The jury may have found under the evidence introduced upon the trial' that it was careless and negligent for the defendant to be riding along a public highway of Calhoun County with a double barrel hammerless shotgun, both barrels of which were loaded, in his automobile. Under the evidence the jury might have found that it was careless and negligent for the defendant to attempt to move the shotgun, without first unloading it, and without taking all reasonable precaution to see that it was not pointed in the direction of his wife, who was about to enter the automobile with their baby in her arms, because some of the testimony tended to show that the gun was loaded with buck shot.

The indictment upon which the defendant was tried included manslaughter in the first degree and manslaughter in the second degree. The defendant's plea of not guilty put in issue every degree of the homicide, charged in the indictment.

The trial court charged the jury as to murder in the first degree, murder in the second degree and manslaughter in the first degree, but did not charge as to manslaughter in the second degree, and the defendant, at the conclusion of the court's oral charge, excepted thereto for that the court did not charge the jury the law covering manslaughter in the second degree.

The defendant requested the trial court to give a special written charge, which charge defined manslaughter in the second degree. The trial court refused to give said written charge. Said charge is lettered "B" and is. as follows:

"Charge 'B'. I charge you, gentlemen of the jury, that if you believe from the evidence in the case, beyond all reasonable doubt and to a moral certainty, that the defendant killed the deceased without malice, either expressed or implied, and without intent to kill or inflict the injury causing death, while committing an unlawful act or while committing a lawful act in an improper or negligent manner, he would be guilty of manslaughter in the second degree.

"Refused. Lamar Field, Judge."

■ The defendant claimed that the death of his wife was entirely accidental but it was for the jury under all the testimony to say whether or not the defendant was negligent in the handling of the shotgun and whether its discharge was the result of such unintentional but negligent act. Under this aspect of the case the jury under said charge "B" might well have found the defendant guilty of manslaughter in the second degree.

In our case of Duncan v. State, 30 Ala. App. 356, 6 So.2d 450, 453, we said:

"Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State, Ala.Sup., 39 So. 608, 611, it is said: 'It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination.'" Burns v. State, 229 Ala. 68, 69, 155 So. 561, 562.

■ It is the opinion and judgment of this court, therefore, that the trial court erred to the material prejudice of the defendant in refusing to charge the jury the law covering manslaughter in the second degree, and in refusing to give defendant's special written charge "B" above set out.

It is not deemed necessary to discuss the other questions insisted upon on this appeal, as they may not occur on another trial. of this case.

■ It may not be amiss to say, however, that if the State again attempts to introduce the shotgun in evidence, the burden rests upon the State to show that said gun is in every reasonable way in the same condition as it was when taken from the car of the defendant.

For the error designated the judgment of conviction from which this appeal was taken is reversed and the cause remanded. The ends of justice so demand.

Reversed and remanded.

CARR, J., not sitting.