19 So.2d 358

### DAVIS v. STATE.

7 Div. 812.

Supreme Court of Alabama.

Oct. 5, 1944.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the petition.

Merrill, Merrill & Vardaman, of Anniston, opposed.

FOSTER, Justice.

On the trial for murder in the first degree, the court defined murder in the first and second degree and manslaughter in the first degree, but omitted to define manslaughter in the second degree or to require a consideration of that form of crime. He was merely silent on the subject. The defendant excepted to the oral charge in that it failed to charge the jury on manslaughter in the second degree. We understand that the Court of Appeals assigned that exception as one ground for the reversal. It will be noted that this was a mere omission, and not an erroneous *statement of the law nor a charge on the effect of the evidence without a written request to do so.* Such an omission "cannot be made the basis for a reviewable question. Williams v. State, 147 Ala. 10, 25, 41 So. 992; Jones v. State, 174 Ala. 85, 93, 57 So. 36. The party's remedy in such cases of mere failure or omission is to request special written instructions according to the practice established by the statutes." McPherson v. State, 198 Ala. 5, 7, 73 So. 387. See, also, Warren v. State, 197 Ala. 313, 72 So. 624.

The requirements of section 317, Title 14, Code of 1940, do not affect this rule of practice. Moreover that statute does not specifically require a finding of the degree of manslaughter, but of murder in the first or second degree. Gafford v.

State, 125 Ala. 1, 28 So. 406. However when the evidence justifies a finding of manslaughter in either degree a definition of them both should be given the jury to enable them to reach a proper verdict. But there is no statutory requirement to that effect as is so in respect to the degrees of murder. But in neither instance is the mere omission a basis for review on appeal.

But when there is a trial on an indictment for murder in the first degree which includes every degree of criminal homicide, it is error for the court to refuse upon written request to instruct the jury upon the law of manslaughter unless there is an entire absence of evidence tending to show that the killing was under such circumstances as to reduce it to manslaughter. Dennis v. State, 112 Ala. 64, 20 So. 925.

We agree with the Court of Appeals that there is not an entire absence of evidence as recited in their opinion tending to show that the killing was under such circumstances as to reduce it to manslaughter in the second degree.

But the refused charge as copied in the opinion of the Court of Appeals is not in exact or legally correct language defining manslaughter in the second degree. The opinion in Johnson v. State, 94 Ala. 35, 10 So. 667, quotes from 6 Am. & Eng. Ency. of Law, page 588, a definition of manslaughter in the second degree substantially as set out in the refused charge except that the refused charge omits that feature which makes it a lower degree only if the killing was in the commission of an unlawful act which is not felonious.

So that under the requested charge if defendant was doing an unlawful act which was felonious the accidental killing would be manslaughter in the second degree. It was not so held in the Johnson case, supra. And in Mitchell v. State, 60 Ala. 26, 33, it is said that "manslaughter in the second degree is when the homicide results from the commission of a misdemeanor, or civil tort, but which result was not intended or contemplated."

The rule is said to be applicable both at common law and under the statute that an unintentional and unlawful homicide by one who is engaged in the commission of a felony is in general murder, 29 Corpus Juris 1097, 40 C.J.S., Homicide, § 21, and it is reduced to manslaughter in the second degree when the unlawful act does not amount to a felony. 29 Corpus

Juris 1149, § 136, 40 C.J.S., Homicide, § 57. But the statement of the principle is sometimes made in the books without specifying whether the unlawful act is a felony or a misdemeanor. See, 5 A.L.R. 616. And unless it is a felony which is mentioned in section 314, Title 14, Code of 1940, defining murder, it is sometimes said that the felonious act must be dangerous to life. 29 Corpus Juris 1097, 40 C.J.S. Homicide, § 21.

In the instant case there was no contention that defendant was in the act of committing a felony and in doing so accidentally killed deceased. He was merely doing an act which was either a misdemeanor or a civil tort, if it was an accidental killing. A charge should be construed in the light of the contentions and evidence, and this inaccuracy is not pointed out by the Attorney General in brief on this petition.

In denying certiorari, this charge should also be treated in respect to that feature of it which does not fix a legal standard by which the jury is to determine whether the defendant's conduct immediately preceding the killing was lawful. It leaves the jury to determine a question of law. While the language of the charge in that respect may be correct, it does not follow that a charge may be so expressed. Whether an act is lawful is a question for the court, not the jury. Whether the act occurred is a question for the jury, not the court. Such charges as the one here considered have been condemned. Southern Rwy. Co. v. Diffley, 228 Ala. 490, 153 So. 746; Northern Ala. Rwy. Co. v. McGough, 209 Ala. 435, 96 So. 569; Jeffries v. Pitts, 200 Ala. 201, 75 So. 959. Other cases are noted in 18 Ala.Dig., Trial, ☞ 199, p. 740.

The Court of Appeals held from the evidence that it was open to the jury to find that defendant was doing an otherwise lawful act but in a negligent manner. The charge was not necessarily erroneous in submitting the question of negligence to the jury though it was not there defined. The trial court was evidently holding that the evidence did not support a finding that defendant was negligent in handling a loaded gun as an element of manslaughter in the second degree. The claim of an unlawful act done by defendant other than based on negligence is not here insisted on, and was abstract on the evidence recited by the Court of Appeals.

So that there was no reason for refusing the charge on the ground that it leaves to the jury the decision of a legal question. And the Attorney General has not contended otherwise. The only insistence he makes is that the evidence does not justify a jury finding of an unintentional but negligent killing by defendant. In this we cannot concur. But we feel constrained to point out the legal status shown in this case, both in respect to the exception to the omission in the oral charge and to the refused written charge set out in the opinion of the Court of Appeals. We will not grant certiorari on theories not advanced in brief on the petition for certiorari; nor when the case is decided in accordance with the contentions made by the parties.

Writ denied.

THOMAS, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.