41 So.2d 435

## THOMAS v. STATE.
### 8 Div. 768.

Court of Appeals of Alabama.
June 21, 1949.

Russell W. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Robert Straub, Asst. Atty. Gen., for the State.

472

**CARR, Judge.**

The indictment under the first count charges that the accused feloniously took and carried away certain described property of the value of $100 the personal property of Robert L. Lokey.

The second count charges theft of property from the storehouse etc. of Mr. Lokey. Title 14, Sec. 331, Code 1940.

■ There was a general verdict of guilt. Under this state of the record the verdict is referable to a good count in the indictment which finds support in the proof. Wiggins v. State, 244 Ala. 246, 12 So.2d 758; Brooks v. State, Ala.App., 38 So.2d 744.

The property involved is a number of chalk novelty animal figures.

It appears from the evidence that the alleged owner and his wife lived in a tent on the outskirts of the city of Decatur. There they made these articles and sold them to the public. The novelties were kept on display in and around the tent.

At an early morning hour of the day of the alleged theft, a number of these articles were taken from inside the tent and around the edges thereof. The presence of the thieving parties was observed and as they ran away from the tent toward a truck or car Mr. Lokey shot at them. This fire resulted in the fatal wounding of Junior Woodruff, who according to the State's evidence was a participant in the commis-

sion of the theft. Woodruff's dead body was found later by the officers some distance down the highway. It was lying by the side of the road.

One of the prime questions for our review is the insistence that Mrs. Lucille Hays was an accomplice and that her testimony was not sufficiently corroborated to meet the demands of Title 15, Sec. 307, Code 1940.

If the testimony of Mrs. Hays is to be accepted as true, the guilt of the defendant cannot be left in doubt. She gave an account of two different trips in which she accompanied the appellant and others to Mr. Lokey's tent. The first of these was about midnight and the other a few hours later. She stated that the group visited two different cafes shortly prior to the first trip. Employees of the two eating places corroborated her testimony as to these visits.

Mrs. Hays testified also that after Woodruff was shot they carried him, bleeding and wounded, away from the scene and that the appellant placed him by the side of the highway and left him there.

An officer testified that he found the dead body of Woodruff at the place described by Mrs. Hays. He stated also that he observed fresh bloodstains on appellant's clothes when he was taken in custody a few hours after the theft.

Mrs. Hays testified that the stolen articles were conveyed in appellant's truck. The officer, according to his evidence, found white chalk dust in this vehicle.

■ The question of the sufficiency of the corroboration of the testimony of an accomplice was recently reviewed by this court in Fagan v. State, Ala. App., 44 So. 2d 634. We went into the matter there with considerable care. On the authority of Fagan v. State, supra, and the cases cited therein, we hold that the testimony of Mrs. Hays was sufficiently corroborated and the appellant was not due the affirmative charge under this aspect of the law. Neither was the court in error in denying appellant's motion to exclude the evidence.

■ It is insisted in brief of counsel that the court should have charged on the offense of petit larceny, and we are urged to base error on account of this omission. This matter is not properly presented for our review. The question was not in any manner raised in the lower court. The appellant's remedy was to request a special written instruction. Davis v. State, 246 Ala. 101, 19 So.2d 358; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692.

Counsel states in brief: "The court erred in limiting the defendant's testimony under plea of insanity as to matters, happenings and conduct up to the date of trial."

For this review we are cited to page 102 of the record.

It appears that, when the instant crime was committed, the appellant was on probation for some infraction of the law. His rights to probation were revoked and he was committed to the State penitentiary to serve the sentence then pending against him.

The questions to which our attention has been called and which appear on page 102 of the record sought to show that the appellant was sent to the penitentiary as indicated; that he was returned to stand trial on the instant indictment; and that his first trial thereon resulted in a mistrial.

■ We do not find any force in the argument that this proof was material or pertinent to sustain the defendant's special plea. Neither was there any causal connection or logical relation in this inquiry to any other facts in the case.

■ It should be noted, also, that the special plea of not guilty by reason of insanity found no support in the evidence, and in no manner became a factual issue in the case. It is true that the defendant testified that he was drunk at the time of the larceny, and if he participated in any way in its commission he remembered nothing about it. However, this defense was available to him under his plea of not guilty. Moran v. State, ante, p. 238, 39 So.2d 419; Granberry v. State, 182 Ala. 4, 62 So. 52.

It is cogently urged that we should charge error because of an incident which occurred during the direct examination of the accused. In deference to this earnest insistence and for full illustrative purpose we copy it from the record:

"Q. You were tried on what—the first time in July, wasn't it?

"Mr. Johnson: We object to that.

"Court: sustained.

"Mr. Lynne: We reserve it.

"Q. The first time you were tried resulted in a mistrial?

"Mr. Johnson: We object to that.

"Court: I am going to instruct you not to refer to any trial again.

"Mr. Johnson: What are you going to show?

"Mr. Lynne: I want to show his—

"Court: I am instructing Mr. Lynne that it isn't admissible to refer to any other trial and what happened; and the Court holds that that is immaterial and incompetent; and I instruct you not to refer to it any more.

"Mr. Lynne: We move for a mistrial.

"Court: Motion is overruled.

"Mr. Lynne: On the statement of the Court.

"Mr. Lynne: I would like to not argue, but discuss the matter with the State and your Honor in the absence of the jury.

"Court: We will adjourn for lunch. Gentlemen, you are excused until 1:15."

In pressing his position counsel states in brief: "The court showed an attitude of hostility, prejudice and bias against the defendant and his counsel in making this sort of an order. We were prohibited and estopped from going into matters that had transpired previous to the date of the present trial in the interrogating of the defendant and other witnesses. Had we sought to prove matters occurring in former trials or recalling State witnesses to question them as to their testimony at a former trial—we were put in a position where we had to close our case prematurely because of the order of the court."

The ruling about which complaint is made came near the close of defendant's direct examination. He was the only witness offered for the defense. On several

occasions throughout the trial, appellant's counsel interrogated State's witnesses with reference to their testimony on the former trial. This was, of course, the appropriate and opportune time to attempt to lay predicates for impeachment purposes. The right was extended without restraint or infringement.

We cannot agree with counsel in his insistence that by the above quoted remarks the court evinced any intention of precluding a free examination of any witness as to his former testimony. At this stage in the proceedings the right to recall the State's witnesses to go into this matter would have been out of order and would have addressed itself to the discretion of the trial judge.

It is clear to us that the judge had reference to any effort to prove the outcome of the former trial and this was what he was attempting to keep from the jury. Unquestionably, proof that at the prior trial there was a mistrial had no place in the instant proceedings.

We encounter no difficulty in concluding that the indicated statements and rulings cannot be made the basis of reversible error.

The exceptions to the oral charge are in the main by reference only. Cowart v. State, 16 Ala.App. 119, 75 So. 711; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472.

Two of the exceptions are sufficiently specific to invite review.

One is to this excerpt: "Was the defendant at the time he stole the goods, if he did steal them,—and, of course, gentlemen, that is a question for you to determine from all the evidence in the case,—afflicted with a disease of the mind, so as to be either idiotic, or otherwise insane?"

We cannot accord merit to the insistence that the court here expressed any view as to the guilt or innocence of the accused. This he clearly left for a determination by the jury.

The other exception is to this portion of the charge: "Now, the State contends that there are innumerable things which have been proven from the stand that show corroboration. The defendant contends that there is not any. Look to the question of the truck. Whose truck was it? Where was it? Was it out there? The question of chalk,—was it in or not around the truck? The question of blood on the defendant; if it was there, what caused it to be there, on him? And all of the other elements of corroboration which the State contends and says existed, and which the defendant contends does not exist."

The authorities are committed to the view that the trial judge does not violate the provisions of Title 7, Sec. 270, Code 1940, by merely stating to the jury the contentions of the parties to the suit. Lovejoy v. State, 33 Ala.App. 414, 34 So. 2d 692; St. Louis & S. F. R. Co. v. Dennis, 212 Ala. 590, 103 So. 894.

It is also settled that, when exceptions to the oral charge are reviewed, the entire charge must be taken into account and considered.

These doctrines applied, we find no error in the matter of instant review.

Written charge number 6, refused to the defendant, is a mere abstract statement with no effort to make it applicable to the issues in the case. Fleetwood v. Pacific Mut. Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388.

Charges 18 and 19 were properly refused. Neither of them took into account the second count of the indictment.

We would be entirely out of harmony with the authorities if we should declare that the court was in error in denying the motion for a new trial. Fagan v. State, supra; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

The few presented questions to which we have not responded relate to elementary principles of the law of evidence. We do not find any prejudicial errors in any rulings in respect to them.

The judgment of the lower court is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.