77 So.2d 491

Craig **TRANHOLM**

v.

**STATE.**

**7 Div. 292.**

Court of Appeals of Alabama.

Sept. 24, 1954.

Rehearing Denied Oct. 19, 1954.

Wales W. Wallace, Jr., Columbiana, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

58

PRICE, Judge.

The indictment charges murder in the first degree for the killing of defendant's wife, Emma Mae Tranholm. In addition to the general issue, the special plea of insanity was interposed. Trial resulted in conviction of murder in the second degree and a sentence of eighteen years imprisonment.

The evidence tends to show that defendant's wife had left him and was staying with her mother. On the day of the killing defendant went to see his wife to try to persuade her to come home. She promised to return the following Saturday, but at defendant's request she agreed to go with him for a short visit but insisted on having someone else go along and her brother accompanied them. According to defendant the brother acted "funny" when he came out of the house and when they got ·to defendant's home defendant put a pistol in his pocket. Emma Mae had expressed a desire for a television set and defendant showed her the one he had bought after she left him. She said she didn't want the television set and went out on the back porch and began washing clothes. Defendant went out and talked to her about returning home. She said she was not coming back, but was going to Florida and get herself another man. Defendant testified he heard a shot and saw his wife fall, but remembered nothing more until he found himself about a mile away with the gun still in his hand. After wandering in the woods all night defendant appeared at his sister's home and asked her if his wife was dead. Upon being informed that she was, he surrendered to the authorities.

Willie Ester Brown testified she was washing dishes in the kitchen of her father's home, which was the next house to defendant's, and through the kitchen window she saw defendant shoot his wife, and also heard the shot.

In his support of his plea of insanity there was testimony that defendant was teased and ridiculed by his schoolmates when he was a boy, because of his crossed eyes; that he was retarded in his school work and was regarded as a "mental case." Defendant was receiving one hundred per cent disability benefits on account of tuberculosis contracted in the Army, and was still being treated for that disease. There was also evidence that defendant was not normal after his release from the Army and after the death of his baby and his mother his condition grew progressively worse.

■ The trial court instructed the jury as to the elements of murder and of manslaughter in the first degree but did not instruct them upon the law of manslaughter in the second degree. Defendant duly excepted and requested charge A, which was refused.

It is appellant's insistence in brief that the killing of his wife was unintentional and that he was entitled to have the jury instructed as to manslaughter in the second degree on the basis of this evidence by defendant: That he was not mad at his wife; had had no trouble with her that morning, and in response to this question, "Did you intentionally fire the gun?" defendant answered: "No, sir, I don't remember." When his sister told him his wife had died, he said, "Lord, I didn't mean to kill my wife."

Assuming, but not deciding, that defendant was entitled under the evidence to an instruction as to manslaughter in the second degree, there was no error in the refusal of requested charge A. This charge is substantially in the language of a statement of the law in the opinion of the court in Sawyer v. State, 20 Ala.App. 504, 103 So. 309.

We quote from Holloway v. State, 37 Ala.App. 96, 64 So.2d 115, 120, a recent opinion by the Presiding Judge of this court:

"The mere fact that a tendered written instruction is copied from an opinion of an appellate court does not assure its acceptability. Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804.

"The charge in question is not hypothe-sized on the evidence. It is merely a state-ment of a legal principle without any in-struction as to the effect upon or application to the issues in the case. Edwards v. State, 205 Ala. 160, 87 So. 179; Johnson v. Louis-ville & N. R. Co., 220 Ala. 649, 127 So. 216; Thomas v. State, 34 Ala.App. 470, 41 So.2d 435."

There being no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.

## On Rehearing

On the trial defense counsel excepted to the court's oral charge in this manner:

"By Mr. Wallace: The defendant ex-cepts to that portion of the court's charge wherein the court charged the duty of the jury was first to determine whether or not the defendant would be guilty of murder in the first degree, murder in the second degree or manslaughter in the first degree, and request the court to instruct the jury as to manslaughter in the second degree, which is embraced in this indictment."

On application for rehearing counsel in-sists: "The charge pretermits manslaughter in the second degree and if in fact the evi-dence was such that the matter of man-slaughter in the second degree was a jury question, the charge was clearly erroneous. The court had no right to instruct the jury as to how they should proceed in their de-liberation, and the charge is therefore er-roneous as invading the province of the jury. It is likewise clear that if man-slaughter was an element to be considered under the evidence by the jury, then the omission of manslaughter in the second de-gree from the consideration of the jury would be equally fatal. It should be noted that the court could not have been misled by the exception to his charge inasmuch as the appellant expressly requested the court to charge the jury as to manslaughter in the second degree, which was embraced in the indictment."

■ According to the record the instruc-tion complained of was as follows: "Now,

gentlemen of the jury, it appears to the court, when you go to your jury room to find the truth from this testimony the first inquiry you would make is whether or not the defendant is guilty of murder in the first degree or murder in the second degree or manslaughter in the first degree under the rules of law as given you by the court."

In our opinion this instruction was not invasive of the province of the jury.

■ As to defendant's exception on ac-count of the omission to charge on man-slaughter in the second degree, in Davis v. State, 246 Ala. 101, 19 So.2d 358, Justice Foster used these words in clarifying a statement by this court in the same case, 31 Ala.App. 508, 19 So.2d 356, to the effect that the court committed error in refusing to charge the jury as to the law of man-slaughter in the second degree, upon ex-ception by defendant to the oral charge [246 Ala. 101, 19 So.2d 360]: "It will be noted that this was a mere omission, and not an erroneous statement of the law nor a charge on the effect of the evidence with-out a written request to do so. Such an omission 'cannot be made the basis for a reviewable question. Williams v. State, 147 Ala. 10, 25, 41 So. 992; Jones v. State, 174 Ala. 85, 93, 57 So. 36. The party's rem-edy in such cases of mere failure or omis-sion is to request special written instruc-tions according to the practice established by the statutes.' McPherson v. State, 198 Ala. 5, 7, 73 So. 387. See, also, Warren v. State, 197 Ala. 313, 72 So. 624."

Therefore, the court's failure to include in the oral charge an instruction as to man-slaughter in the second degree is not subject to review by us. Davis v. State, supra. See also Osborn v. State, 30 Ala.App. 386, 6 So.2d 461.

Defendant's requested special written in-struction as to manslaughter in the second degree was charge A. We have held its refusal proper because, as pointed out in the opinion, it was "merely a statement of a legal principle without any instruction as to the effect upon or application to the is-sues in the case", and it ignored a consider-ation of the evidence.

Application overruled.